## Commonwealth ex rel. Johnson v. Myers

*Isaiah R. Johnson, Jr.*, p. p., relator.

*Martin H. Lock*, District Attorney, and *George W. Gekas*, Assistant District Attorney, for respondent.

SOHN, J., March 5, 1962.—Petitioner in this case has filed a petition for a writ of habeas corpus in the Court of Common Pleas of Dauphin County, Pennsylvania, to no. 560 January term, 1962. His principal

complaint is that on January 12, 1961, when he entered a plea of guilty to robbery to no. 22 O. & T., January sessions, 1961, we sentenced him to the penitentiary, to pay the costs of prosecution, to make restitution and to undergo imprisonment, by separate or solitary confinement at the State Correctional Institution at Philadelphia for a period of not less than seven and one-half nor more than 15 years, and that he should have been sentenced only to a maximum term of five years for the reason that at the time he was not armed with a deadly weapon. He claims that he should have been sentenced under The Penal Code of June 24, 1939, P. L. 872, sec. 704, rather than under section 705, which provides:

"Whoever, being armed with an offensive weapon or instrument, robs or assaults with intent to rob another; or, together with one or more person or persons, robs or assaults with intent to rob; or robs any person, and at the same time, or immediately before or immediately after such robbery, beats, strikes, or ill-uses any person, or does violence to such person, is guilty of felony, and upon conviction, shall be sentenced to pay a fine not exceeding ten thousand dollars ($10,000), or undergo imprisonment, by separate or solitary confinement at labor, not exceeding twenty (20) years, or both."

We cannot agree with the contention of the petitioner. It is true that the district attorney at the time he called the case stipulated that no weapon was used during the robbery. However, an examination of the indictment to which he pleads guilty shows that the indictment to which he pleaded guilty in the fourth count, as well as in the fifth count, did aver that he was armed by an offensive weapon and other counts thereof aver that he committed the offense "by menace and force in, upon and against the said William F. Oberman then and there being, with an intent the goods and chattels, moneys and properties of the said William F.

Oberman then and there to feloniously and violently rob, seize, steal, take and carry away."

Charles E. Wilson, detective of the police force of the City of Harrisburg, stated to the court that on December 10, 1960, defendant appeared at Oberman's Gulf Service Station in the City of Harrisburg while Oberman was in the lubricating room of the service station, and that he had a stocking pulled over his head, and that he had his right hand in a trench coat that he was wearing, and gestured threateningly with the same, and ordered Mr. Oberman to take a position in the corner of the station office. Two lady customers were present at the same time, and the detective avers that the defendant said that he was not fooling, *"that he would shoot."* Thereupon Mr. Oberman handed over to him 20 or 30 dollars in bills.

A week later the two women identified defendant as the man who committed the robbery, he having lifted his mask at one time above the bridge of his nose so that they had an opportunity to view him. Defendant admitted committing the act, but denied he had a weapon at the time. No weapon was ever recovered, but he had a full week's time within which to dispose of it between the hold-up and his arrest.

This defendant had a prior record of robbery and had only been discharged from White Hill during the same year, to wit, 1960. We believe that the statement made by the district attorney at the time of sentencing was an ill-advised statement, and that what he intended to say to the court was that they never actually saw the weapon or found a weapon upon him at the time of his arrest. However, all the facts in this case indicate that he was putting the three people in fear and that his gestures and threats to shoot indicated that he had a gun.

For the reasons herein given we feel that defendant was properly indicted under the section on a charge of

armed robbery, that he pleaded guilty thereto, and that he admitted when placed upon the stand that he heard the testimony of Officer Wilson, that it was correct to the best of his knowledge, although he denied that he had a weapon at the time and said that he had no intention of harming or touching any of the victims. The detective's testimony, as we have pointed out, said that defendant said, "he was not fooling, that he would shoot," and that he gestured menacingly with his hand in the pocket of his trench coat.

We now make the following

*Order*

And now, to wit, March 5, 1962, the petition for a writ of habeas corpus filed herein is hereby refused and the petition discharged.