Commonwealth *v.* McGuiness, Appellant.

Argued June 8, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Stanley Frank*, with him *Frank and Margolis*, for appellant.

*Burton Satzberg*, Assistant District Attorney, with him *Thomas M. Reed*, Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., September 17, 1964:

The appellant, John McGuiness, was tried before the court below without a jury on a bill charging as-

sault and battery, indecent assault, aggravated assault and battery, assault and battery with intent to ravish, and rape. The court adjudged the defendant guilty as charged and after the refusal of motion for a new trial, sentence was imposed. The defendant appealed.

A reading of the entire record makes it clear that there was sufficient evidence to support the conviction of rape.

Counsel complains that the trial judge did not permit him to cross-examine the prosecutrix in detail. The court below allowed a wide scope to counsel in his examination of the prosecutrix. Defense counsel asked a series of repetitious questions and the court very patiently permitted him to do so. There were nine pages of direct examination of the prosecutrix and thirty-three pages of cross-examination. This in itself is a complete answer to this complaint.

Counsel for appellant also complains of the failure of the court to permit cross-examination of the prosecutrix to show that the husband beat the prosecutrix and had left her and that she had only made this rape charge in order to make her husband jealous and get him back. The defendant was permitted to tell of conversations with the prosecutrix wherein she is alleged to have told how her husband mistreated her and the children and how he beat her up, and he was also allowed to tell of another conversation wherein the prosecutrix is alleged to have said that her husband had left her or was leaving her. The defense, therefore, was permitted to bring out all of the facts necessary upon which to base an argument that the rape charge was made in order to make the husband jealous and to get him back. No possible harm could have come to the defendant because of the limitation imposed in the cross-examination of the prosecutrix.

Counsel for appellant also argues that he was prejudiced by the court's questioning of the prosecutrix.

This contention is not well founded. All that the court did in this case was to give some assistance to the prosecutrix in helping her to describe what was meant by the word "rape." Leading questions may be used when modesty and delicacy preclude full answers to general questions and this is especially true in rape prosecutions.

Judgment of sentence is affirmed and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.