Opinion by
 

 Wright, P. J.,
 

 Rodger Johnson was indicted in the Court of Quarter Sessions of Philadelphia County at May Sessions 1966 in Bill No. 6605 charging aggravated robbery, in Bill No. 6606, charging assault and battery with intent to murder,
 
 [1]
 
 in Bill No. 6607 charging assault and battery while resisting arrest, and in Bill No. 6608 charg
 
 *3
 
 ing conspiracy. Pleas of not guilty were entered and Johnson was tried, June 8 and 9, 1967, before Honorable Robert W. Trembath, P. J., specially presiding, and a jury. A verdict of not guilty was directed on Bill No. 6608. On Bill No. 6606, the jury returned a verdict of guilty as to the first two counts, and a verdict of not guilty as to the third count. On Bills Nos. 6605 and 6607, the jury returned verdicts of guilty. Motions for a new trial and in arrest of judgment were denied, and sentence of not less than five nor more than fifteen years was imposed on Bill No. 6605. Sentence was suspended on Bills Nos. 6606 and 6607. Johnson has appealed.
 

 Appellant’s first contention is that judgment should have been arrested with respect to Bill No. 6605 because the evidence allegedly established that a toy gun was used. We have carefully examined the original trial record. The Commonwealth produced two witnesses. One was the bartender in licensed premises at 3225 North First Street. The other was a city detective who happened to be using the telephone in the bar. Appellant did not testify and adduced no evidence. The Commonwealth testimony established that appellant entered the bar with the barrel of a pistol protruding from a paper bag, which bag concealed the rest of the weapon. The bartender identified the weapon as a pistol, and opened the cash register upon appellant’s demand. The detective saw appellant at the bar “with his hand in a bag and a bright piece of metal, I believe it was a gun, pointing at him [the bartender] with a little hole in the end”. The detective drew his own pistol and grappled with appellant, who finally broke away and ran into the street. During the encounter the detective was shot in the hand.
 

 Aggravated robbery is proscribed by Section 705 of The Penal Code,
 
 [2]
 
 which reads in pertinent part as fol
 
 *4
 
 lows: “Whoever, being armed with an offensive weapon or instrument, robs or assaults with intent to rob another ... is guilty of felony”. Appellant argues that a toy pistol is not an offensive weapon. Passing the Commonwealth’s contention that testimony concerning the finding of a toy gun on the floor of the bar was stricken from the record, we are of the opinion that a toy gun having the appearance of a real weapon comes within the meaning of the term offensive weapon as used in the statute. Although a toy gun may not be classified as a deadly weapon, the manner of its use and the reaction it causes may make it an offensive weapon. Cf.
 
 Commonwealth ex rel. Johnson v. Myers,
 
 29 Pa. D.
 
 &
 
 C. 2d 426, affirmed 200 Pa. Superior Ct. 177, 189 A. 2d 331.
 

 Appellant’s other contention is that a new trial should be granted because (a) the trial judge in the presence of the jury imposed a fine upon trial counsel for being late, and (b) the trial judge made prejudicial remarks. The record discloses that, at the commencement of the afternoon session on June 8, the trial judge made the following statement: “During the noon recess we have received an explanation which satisfies us that Mr. Berkowitz [appellant’s trial counsel] was not in contempt of court and we revoke the fine”. Any possible prejudice to appellant was therefore eliminated. Furthermore, we perceive no merit in appellant’s argument regarding statements by the trial judge that certain cross-examination by appellant’s counsel was (1) argumentative and (2) unfair to the witness. In the context of the trial, these statements were not objectionable.
 

 Judgment affirmed.
 

 [1]
 

 The charge of assault and battery with intent to murder was contained in the third count of Bill No. 6606. The first two counts of this Bill charged, respectively, simple assault and battery and aggravated assault and battery.
 

 [2]
 

 Act of June 24, 1939, P. L. 872, §705, 18 P.S. 4705.