Commonwealth *v.* Jackson, Appellant.

Submitted March 16, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Sallie Ann Radick* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los* and *Robert L. Eberhardt,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, January 19, 1973:

Appellant, Norman M. Jackson, was convicted of second degree murder and sentenced to serve not less than ten nor more than twenty years. In this appeal from the judgment of sentence, the only question raised is whether the trial court unfairly participated in the trial as an advocate and thereby deprived the appellant of an impartial jury trial.

Appellant gave a statement in which he admitted that he shot the victim during a fight in the appellant's apartment. According to the appellant's statement, a fight began when the victim refused to engage in homosexual relations with the appellant's roommate because he was black. Appellant stated that he accidently shot the deceased during the fight. The prosecution introduced evidence establishing that the shooting was not accidental. In order to establish a modus operandi,

one of the witnesses called by the Commonwealth was Richard Vos. He testified that he had once been invited to the appellant's apartment where he was robbed and stabbed by the appellant and his roommate.

Many of the alleged errors raised by the appellant concerned questions by the trial court when Vos was testifying.

On one occasion, Vos, who had testified about knife wounds he received from the appellant, was asked to stand up and point to the area of injury on his chest. After Vos pointed out the areas, the court asked if there was a scar and when Vos replied in the affirmative the court suggested that the scar be exhibited. As the scars were being shown to the jury, defense counsel peered at the scars and shrugged his shoulders. Defense counsel admits that he was attempting to convey to the jury the minor and inconsequential nature of the scars. Defense counsel was admonished by the court. The court said, ". . . If you have a comment to make, you may cross-examine the witness, but don't cater to the gallery. This is no joking matter. . . ."

We do not agree that the above described participation by the judge constituted error. When the trial court asked about the scar and suggested that the scar be shown, the subject matter of the knife wounds had already been opened up. The trial court did not introduce any new area of inquiry. The trial court had no knowledge about the existence or non-existence of the scars when the request was made. We do not think that the trial court unduly participated as an advocate for the prosecution.

The court's admonishment of defense counsel for shrugging his shoulders after looking at the scars was not an improper comment. Defense counsel was not on the witness stand and his gesture admittedly was to convey an opinion to the jury. We find no error in this matter.

The next objection raised by the appellant concerns a comment by the trial court when defense counsel was attempting to impeach Vos' character by showing that Vos was incarcerated in a State Penitentiary. Defense counsel made several references to a State Penitentiary as the place of Vos' incarceration. The court interrupted and stated, ". . . I don't think it is referred to as a State Penitentiary, it is a State Correctional Institution and it is a minimum security institution. . . ." This reference by the trial court was an accurate statement. We note that Vos had already testified that he was incarcerated in a minimum security institution. The court's statement was not an unfairly prejudicial comment.

The next objection raised by defense counsel also occurred during the cross-examination of Vos. Defense counsel was inquiring as to whether Vos had ever seen anybody in the Sportshaven Bar who was a businessman carrying a brief case who had arrived in a chauffeur-driven automobile. This question was asked by defense counsel because Vos had previously testified that after meeting appellant at the Sportshaven Bar, the appellant called for his chauffeured-driven automobile. The court interrupted and said, ". . . If he were in the bar, how would he see how they arrived? I don't know whether this bar has transparent windows where he would see how they came in or not, you might inquire. . . ." According to defense counsel, this interference by the trial court was helpful to the witness. We note, however, that the trial court ended its comment by suggesting that defense counsel should first inquire as to whether or not Vos was in a position to see people arriving at the Bar and in what vehicle they might have arrived. The court's statement was not unfairly prejudicial.

Also during the cross-examination of Vos, defense counsel in one of his questions asked Vos whether he

went off with ". . . this millionaire. . ." in the chauf-feured-driven automobile. The court then interrupted and inquired whether there was any testimony in the case about a millionaire. There was no such testimony in the case. This reference in defense counsel's question was not a reference taken from testimony previously in evidence and we can see no error.

The last objection raised involving Vos' testimony concerns the court's remarks after an objection by the prosecuting attorney had been sustained. At that point, the defense counsel began to speak and the court stated, ". . . Did you hear the ruling? Then, don't argue with the court afterwards. In the first place, you asked the question about two or three times. You will not char-acterize witnesses's testimony whether it be yours or anybody else. The jury hears the testimony and they will pass upon it, it is not for you to say. . . ." We do not consider the trial court's comment as prejudicial.

In addition to the objections recited above, all of which occurred during the testimony of the witness Vos, defense counsel objects to a question that the judge asked while defense counsel was closing to the jury. During his closing to the jury, defense counsel told the jury that the defendant had given a statement and ". . . the statement is the reason the defendant didn't take the stand, because it tells his story. . . ." Immediately after the defense counsel made his state-ment to the jury, the court interrupted and inquired, ". . . Well now, just a moment, Counsel, are you stand-ing on the statement or are you questioning the state-ment? We simply want to know. You have a right to do whatever you want, but I am not certain of your position here. . . ." After the trial court's question, defense counsel answered that he was just questioning what parts of the statement were accurate and which were not. Defense counsel further stated that ". . . I am not willing to accept it all or to discard it all. . . ."

After this response the court replied, ". . . All right. . . ." We do not see any prejudice in the court's question.

Another error alleged by defense counsel occurred during the trial court's charge to the jury. In reviewing the testimony, the trial court stated that the appellant had said in his statement that he had called for his chauffeur who later arrived and met appellant and the victim and drove them to the apartment. This was an error by the judge in reviewing the testimony. The appellant did not admit this version of the events of the evening. It was Vos, while testifying, who stated that the appellant had called for his chauffeured-driven car to drive them to the appellant's apartment. There is no doubt that this was a factual error by the trial court. We do not, however, consider that it is reversible error. After the charge, the trial court asked counsel if anything had been misstated, or omitted or overlooked. Following an off the record discussion, the court informed the jury that part of his charge about defendant's statement was incorrect. The court then said that it was one of the witnesses who testified about the chauffeur. In its charge the trial court also made it quite clear to the jury that their recollection of the facts was controlling and they were to rely on their recollection and not the trial court's recollection if they felt the trial court had made a mistake.

We have reviewed other objections raised by the appellant involving questions by the trial court during expert testimony and find that the trial court did not unfairly participate in any of the questioning.

We have read the entire testimony of this trial and examined the trial court's participation at those points claimed by defense counsel to be error. Considering the entire trial, the charge and the closing addresses, we do not find any grounds for reversing the judgment of sentence. The trial court did not participate as an

advocate in any way which deprived the appellant of his right to trial by an impartial court and jury.

Judgment of sentence affirmed.

Mr. Justice POMEROY concurs in the result.