344

Commonwealth *v.* Griffin, Appellant.

Submitted March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Philip D. Freedman,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre* and *Edwin W. Frese,* Deputy District Attorneys, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 22, 1975:

The appellant, Sylvester Griffin, files this direct appeal (*nunc pro tunc*) following his conviction and sentencing on charges of rape. He raises two claims of error.

First, Griffin claims that reversible error occurred at his trial when a police officer testified he knew the defendant "professionally." He argues that such testimony imparted an impermissible inference of prior criminal conduct to the jury. This claim has no merit.

The record shows the following colloquy (upon which appellant raises his initial claim of error) :

"DISTRICT ATTORNEY : Do you know the Defendant, Sylvester Griffin?"

"ARRESTING OFFICER: I have had acquaintance with him professionally."

In *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972), a case involving reference to police pictures of the accused, our Supreme Court noted that the appellate court must be convinced that the testimonial reference by the witness carries the inference of prior criminal activity. We find that the officer's statement, even when considered *alone,* does not create the prohibited implications.

In *Allen, supra,* the court also held that the whole record must be reviewed to see if the alleged suggestion of past activity might be nullified by other testimony. In the instant case, the officer was asked on cross-examination *by the defense,* "What is it that makes you recall seeing him that particular day?" The officer replied: "Well, I had seen him downtown many times, as I said before." This testimony would have aided in the removal of any inference of prior crimes which might have allegedly been construed from the officer's earlier answer; it indicates the officer knew the defendant from seeing him previously on the streets of Harrisburg.

Finally, it is noted that the record shows that the total evidence was strong in pointing to the appellant's

guilt. We must consider such evidence in reviewing the appellant's claim. *Commonwealth v. Isgriggs,* 227 Pa. Superior Ct. 597, 323 A.2d 392 (1974).

Appellant's second claim on appeal involves alleged error in the trial court's charge to the jury. Since no exception was taken to such alleged error at the time of trial, this claim must be held to have been waived. *Commonwealth v. Carbonetto,* 455 Pa. 93, 314 A.2d 304 (1974); *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972).

Affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

The Majority holds that the arresting officer's testimony that he knew appellant "professionally" did not lead to an inference that appellant had a prior criminal record.

In *Commonwealth v. Allen,* 448 Pa. 177, 292 A. 2d 373 (1972), the leading case on the subject, the Court set forth the relevant test: "We hold that after the reference to a photograph the controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. . . .

"Once it is determined that a jury could reasonably conclude from the . . . reference prior criminal activity on the part of the defendant prejudicial error has been committed." 448 Pa. at 181-82, 292 A. 2d at 375.

*Commonwealth v. Groce,* 452 Pa. 15, 303 A. 2d 917 (1973), applied the *Allen* rule to situations involving ordinary testimonial references, not merely references to photographs or "mug" shots. In *Groce,* an officer testified: " 'Then I started to get my mind working, because in the years I have been a police officer I heard the name Nino before. I went through a great deal of my files, and all of a sudden I thought of the name Groce, and this

is where we came to the conclusion that Nino was Groce'." 452 Pa. at 17, 303 A. 2d at 918. The Supreme Court reversed and stated: "Why would a police officer from the performance of his duties recognize a name? Why would a man's name be in police files? The obvious answer is the party had engaged in prior criminal activity, and we rule the jury could reasonably infer this from the testimony." 452 Pa. at 20, 303 A. 2d at 920.

The issue in the instant case is what would a juror reasonably infer upon hearing the officer's testimony that he knew appellant "professionally." As the Commonwealth argues, the juror *could* infer that appellant was engaged in Police Athletic League activities or that he was an undercover agent or an informant. My view, however, is that the most likely inference was that the officer knew appellant because he either arrested appellant previously or had come in contact with him during the course of some other professional police work such as booking, fingerprinting, conducting a lineup, all of which imply prior criminal activity on the appellant's part.

Nor am I persuaded that the officer's later testimony eradicated the problem. The Majority relies upon the officer's statement that "Well, I had seen him downtown many times, as I said before," to argue that the alleged suggestion of criminal activity was nullified. Any reader of detective fiction or viewer of television police shows knows that "downtown" may well imply that the individual has previously been arrested and taken to the central police station to be booked.

Because a juror could reasonably infer that appellant had been engaged in prior criminal activity from the officer's statement, I would reverse the judgment of sentence and remand for a new trial.

CERCONE and SPAETH, JJ., join in this dissenting opinion.