392 A.2d 766

**COMMONWEALTH of Pennsylvania**

v.

**William DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 20, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Michael R. Stiles, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, William Davis, was convicted by a jury of aggravated assault and possession of an instrument of crime and the court imposed a prison sentence of seven and a half to fifteen years. This appeal followed.

It was established that on May 17, 1975 appellant attacked a man named Mack Robinson from behind, slashing Robinson's throat.

The central argument in appellant's brief is that appellant was denied his right to a fair trial because the trial court "wrongfully cited defense counsel for contempt of court." Our review of the record and the arguments of counsel convinces us that appellant's argument has no merit.

The incident to which appellant refers occurred during the course of defense counsel's cross-examination of Mack Robinson, the victim in the attack. Defense counsel was asking Robinson whether he discussed this case with the prosecutor on the morning of the trial. When Robinson said that he had talked to the prosecutor, defense counsel at-

tempted to learn what the prosecutor had told Robinson. Robinson said that he couldn't recall what the prosecutor said except that the prosecutor told him to tell the truth. Defense counsel further questioned Robinson on this point, but counsel was having some difficulty getting a satisfactory answer from the witness. At this point, the trial judge interjected with questions of his own in an effort to clarify Robinson's answer.[1] Among his questions, the trial judge asked Robinson whether the prosecutor told Robinson to say anything that was not part of Robinson's "case." Defense counsel objected to this question, and the exchange between the court and defense counsel went as follows:

"Mr. Sagel: (Defense Counsel)

Judge, May I interrupt and—

The Court: Never interrupt the court. Sit down.

Mr. Sagel: I respectfully—

The Court: Sit down.

Mr. Sagel: I respectfully object, sir.

The Court: I said to you to sit down.

Mr. Sagel: I must object—

The Court: Sheriff, take him into custody. We'll stand in recess, members of the jury.

(Recessed at 3:15 P.M.)

(Reconvened at 3:30 P.M. The following occurred out of the presence of the jury:)

The Court: Sir, you're in contempt of court. The fine is one hundred dollars.

Mr. Sagel: May I be heard?

The Court: No, sir. You have until tomorrow to pay that fine.

Mr. Sagel: May I make a statement sir?

The Court: No.

1. We note in passing that an accused is not prejudiced by the trial court's questioning of a witness where the court merely sought to clarify a matter. *Commonwealth v. Lanza,* 228 Pa.Super. 300, 323 A.2d 178 (1974); *Commonwealth v. McGuiness,* 204 Pa.Super. 75, 203 A.2d 326 (1964); *Commonwealth v. Olitzky,* 184 Pa.Super. 144, 133 A.2d 238 (1957).

Mr. Sagel: May I make a motion?

The Court: Do you move for a mistrial?

Mr. Sagel: Yes.

The Court: Denied. Anything else?

Mr. Sagel: Your Honor, I don't believe I was contemptuous.

The Court: Sir, you interrupted this court during its effort to postulate the evidence. You were told five times to sit down. You did not. You persisted notwithstanding a direction of the court.

Mr. Sagel: It is my understanding—

The Court: I am not interested in your understanding, sir. You're here as an officer of the court. Your function is to obey the court. You acted in contempt by not obeying the court. You have until tomorrow morning to pay your fine.

Mr. Sagel: I apologize, if your honor wishes, in view of your opinion that—

The Court: I am not interested in your apologizing, because of my opinion. If you wish to say so of your own motion, saying you're in contempt, then you may apologize for that.

Mr. Sagel: If, in your Honor's opinion—

The Court: You heard my opinion. You're in contempt.

Mr. Sagel: It was not my intention to be in contempt.

The Court: If you do not know that you were in contempt or did not, that is not my fault. You were in contempt. Bring the jury back."

Appellant contends that the lower court's reaction caused the jury to be prejudiced against appellant.

 It is a general rule of law that a court, in the interest of preserving orderly judicial process and to vindicate the dignity and authority of the court and protect the interest of the general public, has the inherent power to punish contemptuous acts committed in its presence. *Commonwealth v. Harris,* 409 Pa. 163, 185 A.2d 586 (1962). The court must be able to control those appearing before it, so the court may use its power summarily to avoid interference with the

principal matter before the court. *Commonwealth v. Africa,* 466 Pa. 603, 353 A.2d 855 (1976). The focus in this case, however, is not so much upon the court's power to find defense counsel in contempt as it is upon the question of whether appellant was unduly prejudiced in the eyes of the jury by the court's action. We think not.

Pennsylvania Rule of Criminal Procedure 1118 allows a motion for a mistrial to be made by defense counsel when an event prejudicial to the defendant occurs during trial. Unduly prejudicial events occur in many forms, including prejudicial statements made by the trial judge. See generally, 88 C.J.S. Trial § 49 (1955). However, remarks made by the trial judge which are alleged to be prejudicial should be examined in the context of the trial as a whole. *Commonwealth v. Johnson,* 212 Pa.Super. 1, 239 A.2d 861 (1968).

In appellant's case, the exchange between the trial judge and defense counsel was a single incident in a trial that lasted approximately a week.[2] This incident occurred on the second day of the hearing.[3] For two more days, testimony was taken without further conflict. Furthermore, the record indicates that, both before and after this incident, the court made many favorable rulings for defense counsel.

Additionally, though the court had to recess almost immediately after this incident,[4] the court did speak to the jury at the very beginning of the next day of trial, indicating to them that there was nothing to be concerned about, saying:

"Members of the jury, yesterday afternoon we had a little warmth in our proceedings here. That's what happens occasionally. I always applaud lawyers for their zest. That has now all passed. We will now proceed."

**2.** Trial commenced on November 18, 1975. On that day only the opening address by the court and counsel were given. The last day of trial was November 24, 1975, a Monday, when the charge to the jury was given. A verdict of guilty was returned that same day.

**3.** The date was November 19, 1975.

**4.** The record indicates that some other proceedings were scheduled for that courtroom at that time.

This curative instruction was proper and eliminated the possibility of prejudice to appellant. *Commonwealth v. Johnson,* 212 Pa.Super. at 4, 239 A.2d 861. In *Commonwealth v. Johnson,* supra, the court absolved defense counsel of contempt in the presence of the jury; here the court's comments were equally effective in absolution of defense counsel's unnecessary confrontation with the judge. In his opinion, the trial judge tells us that the record does not fairly depict the manner in which defense counsel made his objection. To quote from the court's opinion, the court writes,

> "The cold record cannot depict counsel's shrill, discordant voice; sudden bolting from his chair, arms and pencils flailing, puerility amuck in the court room. . . . Not only did he refuse to obey, but so persisted that he had to be removed from the bar of the Court."

It is unfortunately true that the record alone does not show defense counsel's demeanor. However, appellant, in his brief, does not deny the trial court's characterization of his action. Our reading of the record does not convince us that the trial court acted in a manner that unduly prejudiced appellant's case. The fact that this was an isolated incident coupled with the fact that curative instructions were given and that the trial court did not evidence continued animosity towards appellant's case in light of subsequent rulings indicates that appellant was not prejudiced by the trial judge's action.

Emphasis should be placed on the fact that defense counsel was not cited for contempt until the jury had been removed. The jurors had no way of knowing that defense counsel was found in contempt. Though the jurors heard the trial judge order the sheriff to take defense counsel into custody, the jury returned shortly afterwards to find defense counsel in court as before. The jurors were told that such things "happen [ ] occasionally" and they saw that the trial proceeded. For all of the above reasons, we find appellant's argument lacking in merit.

Appellant makes the additional argument that the trial court did not properly charge the jury. Appellant claims

that the trial court summarized the evidence in a manner that favored the prosecution's case. We do not reach the merits of appellant's claim since he neglected to first bring this matter to the court's attention at trial level thus waiving this issue. *Commonwealth v. O'Searo,* 466 Pa. 224, 352 A.2d 30 (1976); *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Griffin,* 236 Pa.Super. 344, 344 A.2d 517 (1975); *Commonwealth v. Riddick,* 232 Pa.Super. 333, 334 A.2d 705 *allocatur denied* (1975).

■ The record does not depict the trial judge as being hostile to suggestions for amendments to the charge. On the contrary, the court said at the end of its charge,

"Good jurors, it cannot be but that I said something I should not have said, or did not say something I should have said. So, I will discuss it with counsel for a few minutes, to see if there is anything else that I should add."

We find that appellant had ample opportunity to bring to the court's attention any objections he might have to the court's charge. His failure to do so waives this issue.

Accordingly, we affirm.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.