411 A.2d 1254

**COMMONWEALTH of Pennsylvania**

v.

**Norman F. MARVEL, Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 1979.

Filed Oct. 12, 1979.

James P. McHugh, Chester, for appellant.

David E. Fritchey, Assistant District Attorney, Chief, Law and Appeals Unit, Media, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WEKSELMAN, Judge:

Appellant and an accomplice attempted to rob a tavern in Chester, Pa., on October 13, 1976. Appellant, wearing a stocking mask, held a revolver on the patrons while his accomplice emptied the cash register. Appellant then asked the patrons for their wallets. One of the patrons was Morris Albany, an off-duty police officer. Albany, instead of complying with appellant's order, attempted to disarm appellant and the two became engaged in a scuffle and wrestling match. At some point during the scuffle, Albany's service revolver was drawn and several shots were fired. Appellant received several wounds and Albany was shot once, fatally. The ballistics evidence at trial established that the bullet which killed Albany came from appellant's gun.

Appellant contended that he had been paralyzed by Albany's shots before he could fire his own gun. He claimed that Albany himself caused appellant's gun to discharge when Albany attempted to take the gun from appellant's grasp.

Appellant was convicted by a jury of second degree murder, robbery, theft by unlawful taking, firearms violations, conspiracy, and recklessly endangering. He appeals from the concurrent judgments of sentence imposed subsequent to the denial of his post-verdict motions.

■ Appellant first contends that certain remarks of the trial judge were prejudicial and inflammatory and require the grant of a new trial. Those remarks occurred while appellant was testifying on direct examination in the defense side of the case. Appellant's counsel asked him whether he had any intention of shooting anyone when he entered the bar. Appellant replied, "No, sir." At that point, defense counsel inquired of the prosecutor whether the prosecutor had any objection. The prosecutor replied that the question had already been answered, as it had. The

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

Court interjected, "There is no objection. Continue on with your questioning." Defense counsel then complained to the trial judge that the prosecutor had been making "stuttering sounds to make it sound like he wants to object, but it is too late, and I don't think the jury is entitled to hear that." The trial court informed defense counsel that it was defense counsel himself who drew the remark from the prosecutor. Defense counsel then indicated to the Court that he thought that his question was proper and that he would ask it again. The Court then made the following comment which is alleged to be prejudicial and inflammatory: "I am the one who finally decides those matters in this case. I haven't lost one yet in here." Defense counsel thereupon moved for a mistrial and the colloquy continued at side bar. The trial court there indicated to counsel that the remark was intended to mean that he, the trial judge, had never lost an argument with counsel in the course of trial and that the Court had a right to and was required to control the trial. At the end of the side bar conference, the Court made clear to the jury in cautionary instructions what was meant by the remark. He informed the jury that he meant that he had not lost an argument in the courtroom, not that he had never lost a case. He made clear to the jury that he was not a participant in the case and that winning and losing were really not proper terms to be used since the function of the trial was to do justice for all of the parties.

The Court's remark was not prejudicial. The interchange was initiated by defense counsel and the remark did not reflect bias or express an opinion on appellant's guilt or innocence or on his credibility. The remark was directed solely at defense counsel and not appellant. The occurrence itself was a very brief exchange and, after the motion for mistrial was denied, cautionary instructions were immediately given to insure that there could be no possible misunderstanding of the trial court's meaning. The remark of the Court and the subsequent interchange do not constitute the kind of prejudicial or inflammatory remark by a trial judge which requires the remedy of a new trial. *See, Common-*

*wealth v. England,* 474 Pa. 1, 375 A.2d 1292 (1977); *Commonwealth v. Rolison,* 473 Pa. 261, 374 A.2d 509 (1977); *Commonwealth v. Goosby,* 450 Pa. 609, 301 A.2d 673 (1973); *Commonwealth v. Jackson,* 450 Pa. 92, 299 A.2d 222 (1973); *Commonwealth v. Davis,* 258 Pa.Super. 224, 392 A.2d 766 (1978).

■ Appellant next argues that it was error for the trial court to permit the victim's widow to testify as a witness for the Commonwealth. The Commonwealth contends that this issue has been waived since it was not raised in post-trial motions. The issue was, indeed, not raised in the post-trial motions, those motions having been of the standard "boiler plate" variety. The issue was, however, raised in appellant's brief in the post-trial court but not discussed or decided in the Opinion of that Court. Our Supreme Court, in *Commonwealth v. Carrillo,* 483 Pa. 215, 395 A.2d 570 (1978), held that an issue raised in a written brief but not in post-trial motions was waived where the post-trial court refused to discuss it. Subsequently, in *Commonwealth v. Patterson,* 484 Pa. 374, 399 A.2d 123 (1979), the Supreme Court held that there was no waiver where an issue was argued and briefed, although not raised in post-trial motions, where the post-verdict court decided the issue on the merits. It would appear, therefore, that this issue has been waived.

■ Even if not waived, however, the allegation of error is without merit. The victim's widow was not called merely to testify to irrelevant facts concerning the victim's private life, thereby appealing to the sympathy of the jury; she was called to testify that the decedent was right-handed and to show how he customarily carried his gun. In the context of the defense offered, that testimony was relevant to the issues being tried.

■ Finally, appellant contends that the Commonwealth did not prove beyond a reasonable doubt that appellant was not acting in self-defense. This question was not raised on post-trial motions nor was it briefed or argued before the post-verdict court, and, in accordance with *Commonwealth v.*

*Blair*, 460 Pa. 31, 331 A.2d 213 (1975), and its progeny, appears to have been waived. Even if not waived, however, the contention is frivolous. Self-defense was not part of appellant's contentions at trial. He never requested such a charge nor did he object to the Court's charge which did not cover self-defense. A reading of the record in this case indicates plainly that self-defense was never an issue at trial. *Commonwealth v. Powers*, 484 Pa. 198, 398 A.2d 1013 (1979). The trial court has no obligation to advance a theory not raised by a party. *Commonwealth v. Stafford*, 451 Pa. 95, 301 A.2d 600 (1973). Moreover, the facts of the case indicate clearly why self-defense was never an issue. In order to assert such a defense, the slayer, among other things, must be free from fault in provoking or continuing the difficulty which resulted in the killing. *Commonwealth v. Smith*, 484 Pa. 70, 398 A.2d 948 (1979). An accused who entered a tavern brandishing a weapon and committed a robbery therein could hardly have made the claim that he was free from fault in provoking or continuing the difficulty which resulted in the killing.

Judgment of sentence affirmed.