J-S31039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MOORE, | : | |
| | : | |
| Appellant | : | No. 1649 EDA 2016 |

Appeal from the Judgment of Sentence April 28, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003875-2014

BEFORE:  SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 27, 2018**

Appellant, Christopher Moore, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas after a jury found him guilty of Robbery[1] and Possession of an Instrument of Crime.[2]  He challenges the sufficiency of the evidence underlying the verdict and the legality of his sentence.  Appellant's counsel filed a Petition to Withdraw as Counsel and a Brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

---

[1] 18 Pa.C.S. § 3701(a)(1)

[2] 18 Pa.C.S. § 907(a)

The trial court set forth the underlying facts in its Pa.R.A.P. 1925(a) Opinion. *See* Trial Court Opinion, filed 9/1/17, at 3-7. Most relevant to this appeal, on March 17, 2014, just after midnight, Appellant robbed a Wawa convenience store at gunpoint.[3] Surveillance footage at the store captured the incident. Donna Knorr, the clerk working at Wawa that night, positively identified Appellant from a photo array, and again at Appellant's preliminary hearing and jury trial.

Following trial, the trial court sentenced Appellant on April 28, 2016, to a term of twenty-five to fifty years' imprisonment for the Robbery conviction and a consecutive term of two-and-one-half to five years' imprisonment for Possession an Instrument of Crime.[4] Appellant did not file post-trial motions.

On May 27, 2016, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On January 18, 2018, counsel filed a Brief and a Petition to Withdraw pursuant to *Anders* and *Santiago*. Appellant did not file a response to counsel's *Anders* Brief.

---

[3] Evidence later identified the gun as an inoperable toy gun, but that does not alter our analysis. *See Commonwealth v. Johnson*, 239 A.2d. 861, 863 (Pa. Super. 1968) (*en banc*) (holding that a toy gun is an "offensive weapon" under the criminal code because of its use and the reaction it causes).

[4] The trial court imposed a mandatory minimum sentence of twenty-five years' imprisonment pursuant to 42 Pa.C.S. § 9714(a)(2) (Pennsylvania's "three strikes" law) for the Robbery conviction because Appellant had been previously convicted of multiple armed robberies.

- 2 -

In his Brief, Appellant raises two issues:

1. Was not the evidence insufficient to sustain the verdict on the charge of robbery, a felony of the first degree, as the Commonwealth failed to prove that [Appellant] threatened another with or intentionally put her in fear of immediate serious bodily injury?

2. Was not the sentence of twenty-five to fifty years' incarceration on the robbery bill followed by a consecutive sentence of two-and-a-half to five years on possession of an instrument of crime a proper and legal sentence?

Appellant's Brief at 3.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in *Anders* and its progeny. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that there are no meritorious issues to be raised on appeal. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the *Anders* Brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. *Id*. *See also Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005); *Santiago*, 978 A.2d at 361 (detailing substantive requirements of an *Anders* Brief).

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous.

*See Goodwin*, *supra* at 291; *Commonwealth v. Yorgey*, \_\_\_ A.3d \_\_\_, 2018 PA Super 136, \*5 (Pa. Super. filed May 24, 2018) (*en banc*) (noting that *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

Counsel in the instant appeal has complied with the above requirements. We thus review the issues raised in the *Anders* brief.

**Sufficiency of the Evidence**

In the Brief, Appellant's counsel asserts the evidence failed to prove that Appellant threatened another with or intentionally put her in fear of immediate serious bodily injury. Appellant's Brief at 10-14.

This Court's standard of review of the challenge to the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial [ ] in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced [,] is free to believe all, part or none of the evidence.

*Commonwealth v. Talbert*, 129 A.3d 536, 542-43 (Pa. Super. 2015).

The Crimes Code has defined the offense of Robbery, in relevant part, as follows:

**(a) Offense defined.--**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

* * *

(ii) threatens another with **or** intentionally puts him in fear of immediate serious bodily injury[.]

18 Pa.C.S. § 3701(a)(1)(ii) (emphasis added). "Bodily Injury" means "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

In determining whether all of the elements of the crime of robbery have been met, "[a] reviewing court will consider the defendant's intent and actions and not necessarily the subjective state of mind of the victim." *Commonwealth v. Rodriquez*, 673 A.2d 962, 966 (Pa. Super. 1996). Moreover, "[t]here is no requirement under section 3701(a)(1)(ii) that the victim actually be in danger of serious bodily injury." *Commonwealth v. Brougher*, 978 A.2d 373, 378 (Pa. Super. 2009).

Addressing this issue, the trial court reviewed relevant case law, and concluded that the evidence was sufficient to establish that Appellant threatened another with or intentionally put her in fear of immediate serious bodily injury based on the following. The court observed that Appellant pointed a gun at his defenseless victim, Donna Knorr, and demanded money

from the cash register at a Wawa convenience store. Surveillance cameras inside the store captured Appellant's actions and Ms. Knorr later corroborated the footage both at Appellant's preliminary hearing and at trial. Ms. Knorr quickly, and understandably, acquiesced to Appellant's demands and immediately activated the store's "panic button" after Appellant fled. She testified at trial that, "I thought the man had a gun pointed at me and that if I didn't give him the money, it wasn't going to be a good situation. So I gave him the money." N.T., 1/27/16, at 66.

The Commonwealth introduced the toy gun and the store's surveillance film at trial so that the jury could perceive what Ms. Knorr experienced at the convenience store that night at the hands of Appellant. The jury, as factfinder, could have reasonably deduced from this evidence that Appellant threatened Ms. Knorr with or intentionally put Ms. Knorr in fear of immediate serious bodily injury when he committed the theft of the store. **See** Trial Court Opinion, filed 9/1/17, at 8-10.

We have reviewed the entire record and conclude that it supports the jury's guilty verdicts. We adopt the trial court's analysis as our own and, thus, conclude that Appellant's first issue has no merit. **See also Commonwealth. v. Valentine**, 101 A.3d 801, 806-07 (Pa. Super. 2014) (holding that Appellant's actions of pointing a gun at his victim and threatening to shoot her would have placed a reasonable person in fear of serious bodily injury, and that the evidence was sufficient to sustain appellant's robbery conviction).

**Legality of the Sentence**

In his second issue, Appellant argues that the trial court's imposition of consecutive sentences was not "proper and legal." Appellant's Brief at 11. Appellant argues that the trial court erred by imposing a mandatory minimum sentence for Appellant's Robbery conviction and concludes that the trial court also erred by imposing consecutive, as opposed to concurrent, sentences.

A challenge to the application of a mandatory minimum sentence is a challenge to the legality of sentence. *Commonwealth v. Gibbs*, 981 A.2d 274, 283 (Pa. Super. 2009). Although not raised in Appellant's Rule 1925(b) Statement, a challenge to the legality of sentence claim is not waivable. *Commonwealth v. Rush*, 959 A.2d 945, 950 (Pa. Super. 2008). Issues relating to the legality of a sentence are questions of law. *Commonwealth v. Hawkins*, 45 A.3d 1123, 1130 (Pa. Super. 2012). Our standard of review over such questions is *de novo* and our scope of review is plenary. *Id*.

Appellant alludes to the trial court's application of Pennsylvania's "three strike" statute to imply that the court erred in imposing a mandatory minimum sentence of twenty-five to fifty years' incarceration for his Robbery conviction. 42 Pa.C.S. § 9714(a)(2) provides:

> Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a

third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa.C.S. § 9714(a)(2).

A "crime of violence" includes, *inter alia*, Robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii), or (iii). 42 Pa.C.S. § 9714(g).

Appellant had two prior crimes of violence. In 1993, Appellant pleaded guilty to F1 Robbery and Possession of an Instrument of Crime, for which he was sentenced to 18-59 months' incarceration. In 2002, Appellant pleaded guilty to F1 Robbery, for which he was sentenced to four to eight years' incarceration. In the instant matter, a jury found Appellant guilty of F1 Robbery pursuant to 18 Pa.C.S. § 3701(a)(1)(ii).[5]

Appellant does not dispute that he had two prior convictions for violent crimes. Further, he presents neither facts nor argument that the trial court erred in applying the mandatory minimum sentence to this Robbery conviction, or that the mandatory minimum sentence is otherwise illegal. In our review of the entire record, we discern no basis to vacate or reconsider the trial court's application of the "three strikes" law or Appellant's sentence imposed thereunder. We, thus, conclude that the trial court did not err in

---

[5] In addition to his robbery convictions, Appellant incurred two state custody misconduct infractions in 2006 and 2008 for obscene language, fighting, and refusing to obey orders; has recent convictions for domestic crimes against his girlfriend; and has violated his probation or parole twelve times since 2012.

sentencing Appellant to a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9714(a)(2). *See also Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super. 2009) (holding that Appellant waived his legality of sentence claim because he did not sufficiently develop arguments in his brief, persuade the court that there were errors below, or convince the court that relief was due because of those errors).

Appellant next challenges the discretionary aspects of his sentence in contending that the court erred by imposing consecutive, as opposed to concurrent, sentences for the convictions of Robbery and Possession of an Instrument of Crime.

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010). This Court must first analyze:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Defendants must challenge the discretionary aspects of sentencing in a post-sentence motion or by raise the claim during the sentencing proceedings; absent such efforts, an objection to a discretionary aspect of a sentence is waived. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003);

Pa.R.A.P. 302; Pa.R.Crim.P. 720. Appellant did not raise this issue in a post-sentence motion or at the sentencing hearing. Accordingly, it is waived.

After conducting an independent examination of the record as required by ***Anders***, we discern no non-frivolous issues to be raised on appeal. We, therefore, grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

Petition to Withdraw granted. Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/18