Commonwealth *v.* Harris, Appellant.

Argued March 20, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Cecil B. Moore,* for appellant.

*Stanley M. Schwarz,* Assistant District Attorney, with him *Arlen Specter,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., June 15, 1961:

This is an appeal from the judgment of sentence of the Court of Quarter Sessions of Philadelphia County entered on the verdict of a jury finding the defendant,

George Harris, guilty of carrying concealed deadly weapons and the carrying of a concealed firearm without a license; and from a denial by the court below of motions in arrest of judgment and for a new trial. He was tried before a jury for the above charges together with two other indictments charging possession of drugs and resisting an officer in making an arrest. The court below directed a verdict of not guilty of the possession charge and the jury found him not guilty of the resisting arrest charge.

After the refusal of his post-trial motions, upon which the court required immediate argument, he was sentenced to undergo imprisonment in the Philadelphia County prison for a term of not less than 11½ months nor more than 23 months.

We do not believe that the contention of the defendant that the evidence was insufficient to sustain this conviction has any merit and adopt that portion of the opinion of the court below dealing with this question, reading as follows: "The testimony was very much in conflict, but the jury has seen fit to believe the evidence submitted by the Commonwealth and for the purpose of considering the motion before the Court we must accept the Commonwealth's testimony as well as the reasonable inferences which properly could be derived from that testimony as being correct: Commonwealth v. Wright, 383 Pa. 532, 119 A. 2d 492 (1956); Commonwealth v. Ornato, 191 Pa. Superior Ct. 581 (1960); Commonwealth v. Nestor, 183 Pa. Superior Ct. 350; Commonwealth v. Schuster, 158 Pa. Superior Ct. 164."

There were many conflicts in the details of the testimony such as the direction the defendant was walking and the direction in which several of the police witnesses were traveling on the day in question but there was overwhelming evidence, in quantity and quality, both direct and circumstantial, from which the jury could believe, and did believe, that this defendant had

possession of an unlicensed firearm which was concealed on his person; that he was seen drawing the gun from his jacket by one witness and was seen drawing some object from his pocket by others; that he was seen throwing it into the street; that it was recovered by the officers where they had seen it thrown by the defendant three minutes earlier; that it was a .38 caliber pistol containing four live rounds of ammunition, capable of being discharged; that from this an intent to do bodily harm could be inferred; that the gun was not registered and a permit had never been issued for its use. At the time of the defendant's apprehension he had a homemade holster attached to his trouser belt which he explained was used for carrying pencils.

The defendant denied ownership of the gun and holster and contradicted the testimony of the four arresting officers. It is well settled that a jury can believe all or a part of or none of a defendant's testimony, or the testimony of any witness for the commonwealth or the defendant. *Commonwealth v. Sauders,* 390 Pa. 379, 134 A. 2d 890 (1957).

There was direct evidence by one of the officers that he saw defendant take the gun from underneath his coat and throw it to the ground so that the jury did not have to depend entirely on circumstantial evidence. However, as the court below said: "It is clearly settled that a man may be convicted on circumstantial evidence alone, and a criminal intent may be inferred by the jury from facts and circumstances which are of such a nature as to prove defendant's guilt." *Com. ex rel. Garrison v. Burke,* 378 Pa. 344, 348, 106 A. 2d 587 (1954).

A careful examination of this record reveals that the court below exercised extreme caution in denying certain challenges for cause made on behalf of the appellant. In fact, the considerable latitude that the

cases say should be permitted voir dire was most certainly exercised by the court below on behalf of this defendant, as voir dire examination involved 124 typewritten pages of testimony.

One example is sufficient for the purpose of this opinion to indicate upon what the defendant relies for his claim of palpable error. The defendant contends that one of the prospective jurors was biased because in answer to a question he testified that he hoped the police officer who testified would tell the truth. He was also asked, "Q. Mr. Laurent, have you during the course of the time you have been in court been influenced in your opinion as to the innocence or guilt of any defendant, or have your experiences caused you to have a preconceived opinion of any person brought before the Court? A. No." The other instances follow the same line, and we agree with the district attorney that the charge of bias is not supported by the testimony.

"The examination of jurors under voir dire is solely for the purpose of securing a competent, fair, impartial and unprejudiced jury. . . . the inquiry should be strictly confined to disclosing qualifications or lack of qualifications of a juror and whether a juror has formed a fixed opinion or may be otherwise subject to disqualification for cause." *Commonwealth v. McGrew*, 375 Pa. 518, 525, 100 A. 2d 467 (1953).

". . . the scope of a voir dire examination rests in the sound discretion of the trial judge and his decisions, even in a challenge for cause, will not be reversed in the absence of palpable error." *Com. v. McGrew*, supra, page 526. See also: 21 P.L.E., Jury, §50. The trial judge painstakingly controlled voir dire in the selection of this jury. There was no abuse of discretion.

The contention that the Commonwealth's witnesses unlawfully conspired to arrest the defendant is entirely without merit and is dismissed without discussion. The testimony of the policeman denying knowledge of pos-

session of the spoon, which was the basis of the defendant's most serious complaint, and resulted in the directed verdict in this case, clearly negatives the conspiracy charge and the cry of "frame" so forcibly argued by counsel for the defendant.

Much is made of the testimony concerning a teaspoon containing a residual amount of narcotics. The testimony disclosed that there was insufficient residual heroin in the needle and the eyedropper that had been admitted into evidence as having been in his possession at the time of apprehension. The testimony complained of was to the effect that the residual heroin contained on a teaspoon, which exhibit had been marked for identification together with the needle and the eyedropper, when added to that found on those articles, constituted the forbidden quantity. However, none of the Commonwealth's witnesses could place the spoon in the possession of the defendant and the exhibit was not received into evidence and the court directed a verdict of not guilty as to the narcotics charge.

We believe it was error for the court to indicate to the jury that it could consider the testimony concerning the spoon as affecting credibility; this testimony should have been stricken in its entirety and the jury directed to disregard it. In any event it passed out of the case with the directed verdict. If this case had gone to the jury with the spoon in it, judgment n.o.v. must have necessarily followed. There was ample evidence to support the conviction of the firearms charge so that the observation of the court below in his charge concerning the spoon testimony was harmless error that could not possibly prejudice the defendant in the firearms case. The contention that it violated his constitutional rights by inflaming the jury so as to convict him on the other charge is illogical; the same charge could be made, in that, the cases were tried together, and the needle and the eyedropper found in his

possession were just as inflammatory even if the spoon had never been mentioned. It didn't inflame this discerning jury sufficiently to convict him of resisting arrest.

The defendant complains further that it was error to permit a police officer to testify as a rebuttal witness for the Commonwealth because he had not been sequestered at the outset of the trial. This is without merit. Such a contention would mean that the Commonwealth would be bound to make selection of what witnesses were to be called on rebuttal at the outset of the case, when it was impossible to know what testimonial circumstances might have to be met. Here, the police officer was not in the courtroom except when he testified, and was called only when the defendant charged that the officer had beaten and struck him at the time of the arrest. The burden of the complaint, as indicated on cross-examination, was to the effect that he may have discussed his testimony with the other officers. No objection was made to the testimony at the time it was made and the jury found him not guilty of the charge; it is difficult to follow the reasoning that its admission was such prejudicial error as to upset his firearms conviction.

It is true, as contended by the defendant, that sequestration may have been responsible for the seeming conflict in the details of the officers' testimony; but it can equally well be argued that the failure of the testimony to be identical in every way augurs well for its truthfulness when the difference of each witness's powers of memory and observation is taken into consideration.

We understand that it is the custom in Philadelphia County to require counsel to argue post-trial motions immediately after the receipt of the verdict. We think this practice unfortunate as counsel should have the benefit of the transcribed testimony and proper time

to prepare his reasons and argument in support of his motions. This practice is condemned, even if we realize that it is an effort to prevent delay in the disposition of a case; sometimes efforts like this to save time actually waste time by encouraging appeals on matters that would be disposed of by the court below had proper time been available for preparation and argument.

No harm resulted to this defendant by the cursory disposition of his post-trial motions, as we have permitted him to raise in this Court all of his complaints regardless of whether he raised them below or not. The district attorney pointed out that he did not press the rule that the defendant is precluded from raising any issues not raised or pursued in the court below. *Com. v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530 (1956).

Judgment affirmed.