Heffelfinger Motor Vehicle Operator
License Case.

Argued June 11, 1962.  Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

98

*Harold R. Prowell,* with him *Prowell, Naugle & Lehrman,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *David Stahl,* Attorney General, for Commonwealth, appellee.

OPINION BY WRIGHT, J., September 13, 1962:

We are here concerned with an appeal by L. H. Heffelfinger from an order of the Court of Common Pleas of Dauphin County sustaining the action of the Secretary of Revenue in suspending Heffelfinger's operator's license for a period of six months. The hearing judge made, inter alia, the following findings of fact:

"2. The petitioner purchased sixteen (16) 1956 six-cylinder four-door Plymouth sedans from the King Ford Motors, Inc. of the Bronx, New York, included among which was one bearing manufacturer's number 14143522.

"3. A prior owner of the aforesaid Plymouth automobile was Rhoda Cab Corporation of New York, which had used the said Plymouth automobile as a taxicab.

"4. The petitioner on or about August 29, 1958 made application to the Commonwealth of Pennsylvania for certificate of title for a motor vehicle acquired

out of state for the Plymouth automobile referred to above.

"5. In said application under question number 4 which reads: '4. TYPE OF VEHICLE (Passenger, Truck, Motor Cycle, Motor Bicycle, Mot. Bus, Mot. Omnibus, Taxi or X-Taxi)', he inserted the answer 'Pass'.

"6. On July 5, 1960 an information charging the petitioner with misstatement of facts in an application for title to a motor vehicle was made before Alderman Grimes of the City of Harrisburg and after hearing, the petitioner was found guilty of a violation of Section 624(8) of The Motor Vehicle Code".

Section 624(8) of The Vehicle Code[1] reads as follows: "It shall be unlawful for any person to commit any of the following acts . . . (8) To use a false or fictitious name, or give a false or fictitious address, in any application or form required under the provisions of this act, or make a false statement, or conceal a material fact, or otherwise commit a fraud in any application". Heffelfinger did not appeal his conviction under this provision, but paid the fine and costs imposed by the alderman. Section 618 of the statute reads in pertinent part as follows: "(b) The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative whenever the secretary finds upon sufficient evidence . . . (2) That such person has committed any violation of the laws of this Commonwealth relating to vehicles or tractors". The learned hearing judge concluded that appellant's violation of Section 624(8) made him amenable to Section 618(b)(2), wherefore the suspension of appellant's operator's license was proper.

Appellant first contends that the Bureau of Highway Safety has no jurisdiction over his alleged viola-

---

[1] Act of April 29, 1959, P. L. 58, 75 P.S. 101 et seq.

tion. He argues that the jurisdiction of the Bureau is limited to the promotion of highway safety, and that the schedule of license suspension penalties promulgated by the Bureau may include only violations affecting highway safety. It should be here noted that the suspension of appellant's license was by the Secretary of Revenue, acting through the Bureau of Highway Safety. It was an administrative act pursuant to authority conferred by the statute: *Commonwealth v. Emerick,* 373 Pa. 388, 96 A. 2d 370. The legislature has the power to regulate the manner and circumstances under which, and by whom, automobiles may be operated upon the highways of the state: *Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65. The legislative intent could not be more clearly expressed than it is by the language of Section 618. There is no restriction or condition whatever attached to sub-paragraph (b)(2). The right to suspend is conferred upon the Secretary of Revenue whenever he finds that a person "has committed any violation" of the laws relating to vehicles or tractors.

Appellant's second contention is that highway safety was not involved in his alleged violation. Conceding arguendo that this is true,[2] there is no warrant in the statute for limiting the provisions of Section 618(b)-(2) to so-called "moving" violations. The Vehicle Code is "a complete and comprehensive system regulating the use of motor vehicles on the public highways of the Commonwealth". See *Lewis v. Wood,* 247 Pa. 545, 93 A. 605. To adopt the construction urged by appellant would be a presumptuous exercise of judicial legislation. Had the legislature intended to limit the suspension power of the Secretary to offenses directly involving highway safety it could readily have done so. The

---

[2] The Commonwealth vigorously asserts that the requirement of information on the application as to whether or not a vehicle was a taxi does have some relationship to highway safety.

absence of any restrictive language in the statute is ample indication that no such limitation was intended. We perceive no merit in appellant's several arguments that he "violated no provision of The Vehicle Code", that the term "X-Taxi" is confusing, and that there is no evidence of an intent to deceive.

Appellant's third contention is that the "Bureau proceeded under the wrong section of the Code". He argues that his offense was a dealer violation, and that the Secretary has specific authority to suspend registrations in the dealer's class where the dealer commits a fraud in the registration. Section 414(b)(2) of the statute, which appellant urges should have been employed, has no application to the facts in the case at bar. The offense which gave rise to the instant appeal was the falsification of information on an application for title. Section 624(8) is a part of Article VI of the statute which relates to "Operators", whereas Section 414(b)(2) is a part of Article IV which relates to "Registration". So far as this record discloses, the vehicle here involved was never registered.

Appellant's fourth and final contention is that he was "not given adequate opportunity to make full defense in lower court". The gravamen of his complaint is the assertion "that the lower court did not give him an opportunity for oral argument in Argument Court en banc or before the judge who heard the case". Appellant's contention is not supported by the record. The notes of testimony contain the following colloquy: "Mr. Prowell: I will argue it. The Court: You can argue, but you are wasting your time. (Mr. Prowell makes argument.) The Court: Are you finished, Mr. Prowell? Mr. Prowell: Yes".

Reliance is placed upon *Commonwealth v. Harris,* 195 Pa. Superior Ct. 606, 171 A. 2d 850, wherein we criticized a practice in criminal cases which required counsel to argue post trial motions immediately after

the rendition of the verdict. The condemnation set forth in the *Harris* case cannot reasonably be applied to the present proceeding. The facts were not complicated, and no abstruse legal propositions were involved. Indeed, appellant's brief indicates that his argument was primarily based on the issue of clemency. See *Commonwealth v. Emerick*, supra, 373 Pa. 388, 96 A. 2d 370. Appellant has not pointed to any authority requiring that the determination of the instant matter should have been delayed for further argument. The suspension of appellant's operating privileges was not directly related to the conservation of public rights, nor did it so vitally affect the interests of the community as to demand review of the determination of the hearing judge by a court en banc. Cf. *Kensington Club Liquor License Case*, 164 Pa. Superior Ct. 401, 65 A. 2d 428. There was no deprivation of due process, *Commonwealth v. Funk*, supra, 323 Pa. 390, 186 A. 65, and we find no error of law or abuse of discretion, *Commonwealth v. Wagner*, 364 Pa. 566, 73 A. 2d 676.

Order affirmed, and a reinstated suspension shall be issued by the Secretary of Revenue within thirty days. Cf. *Commonwealth v. Antolich*, 194 Pa. Superior Ct. 300, 166 A. 2d 541.