## Busey v. Pulaski

*Clyde W. McIntyre*, for plaintiff.

*G. Thomas Miller*, for defendant.

HERMAN, J., September 27, 1965.—. . . The remaining matter for consideration in this case is the trial judge's ruling on the voir dire. We conclude that the ruling was correct. Plaintiffs' counsel sought to inquire of prospective jurors, on their voir dire, whether they were actively connected with the political organization

of which counsel for defendant was the county chairman.

It is well settled that the scope of a voir dire examination rests in the sound discretion of the trial judge, and his rulings thereon will not be disturbed except for gross error: Commonwealth v. McGrew, 375 Pa. 518 (1953); Commonwealth v. Harris, 195 Pa. Superior Ct. 606 (1961).

The purpose of the voir dire examination has been shown in Commonwealth v. McGrew, supra, to be that of disclosing of qualifications or lack of qualifications of a juror, and whether he has formed a fixed opinion or whether he should otherwise be disqualified for cause. It is not generally intended to aid in exercising peremptory challenges as plaintiffs' counsel supposes.

In a strikingly similar case in Montgomery County, plaintiff's counsel sought to ask the jurors on voir dire whether any of them were members of the Roman Catholic faith, defendant being a Roman Catholic priest. The trial judge denied the request, saying:

"Knowledge that a juror was a Roman Catholic might have aided the plaintiff in the use of his peremptory challenges, but if such information is of value for such purpose, it should have been obtained by investigation prior to the trial, otherwise there would seem to be no limit to the questions which the parties might ask the jurors in obtaining information not justifying a challenge for cause, but which might aid in the use of peremptory challenges. . . .": Humphries v. Ganter, 16 D. & C. 425, 426 (1931).

It would have taken little effort on the part of counsel for plaintiffs to have discovered, prior to trial, the political affiliation of the prospective jurors, thus saving valuable time at the trial.

Counsel for plaintiffs have called to our attention the case of Kiernan v. van Schaik, 347 F. 2d 775 (3d Cir., 1965), in which that court apparently approved

in Federal procedure a vastly extended voir dire. Suffice it to say that this seems to us to be contrary to the law of Pennsylvania concerning the procedure in State courts as declared by our appellate courts and thus not controlling on the issue here.

ORDER

AND NOW, September 27, 1965, plaintiffs' motion for a new trial is overruled and judgment is directed to be entered on the verdict.