**Commonwealth *v.* Isgriggs, Appellant.**

Submitted December 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before BROWN, J.

*Edward F. Browne, Jr.*, Public Defender, for appellant.

*James R. Leonard, Jr.*, Assistant District Attorney, and *D. Richard Eckman*, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from the judgment of sentence in the Court of Common Pleas, Criminal Division, of Lancaster County by the defendant-appellant, James Eugene Isgriggs, upon conviction of burglary and larceny after a jury trial; and from the denial of post-trial motions.

On December 27, 1972, the residence of the general manager of the Amishland Motel was burglarized. The appellant was identified as having been in the motel at the time of the crime and there was evidence of the use of a credit card that had been taken in the motel burglary. When apprehended, he was charged with burglary, larceny and receiving stolen goods and made a full confession. He filed a petition to suppress evidence and the confession which was denied after a hearing. He was tried before a jury and convicted of burglary and larceny. Oral motions were made in arrest of judgment and for a new trial which were refused at bar and he was sentenced to not less than two years nor more than four years on the burglary charge and two years probation on the larceny charge.

The appeal concerns a remark made by a witness at the time of the trial and the lower court's insistence that post-trial motions be argued immediately after trial.

We have on several occasions in the past criticized the practice of hearing post-trial motions without the benefit of the transcript of the trial or at least time for preparation of argument. However, the appellant is not prejudiced because the same questions he raised in oral argument are the same questions argued in the present appeal to this Court. There is no contention

by the Commonwealth that the defendant didn't raise below the questions now being argued.

The serious complaint concerns the testimony of a police officer who testified at length at the trial. During the course of his testimony he went into detail as to the confession he had received from the defendant and in describing the police forms on which the confession was written. He mentioned that there was a space for the defendant's address and that he had inserted that his present address was "Huntingdon Correctional Institution". A motion for mistrial was made immediately by counsel for the defendant. Judge BROWN denied a mistrial, but immediately instructed the jury that any mention of Huntingdon had nothing to do with the case and they were to disregard the testimony. The trial proceeded without any further comment concerning the objectionable statement. Based on the officer's statement of the address of the appellant, a new trial is now demanded.

The law is clear that as a general rule the Commonwealth cannot introduce evidence of other crimes against a defendant in a proceeding on a separate offense. *Commonwealth v. Burdell*, 380 Pa. 43, 110 A. 2d 193 (1955). Recently our courts have extended this rule to include indirect evidence of prior criminal activity by which a jury might reasonably infer that the defendant had committed prior crimes. *Commonwealth v. Allen*, 448 Pa. 177, 292 A. 2d 373 (1972) ; *Commonwealth v. Bruno*, 215 Pa. Superior Ct. 407, 258 A. 2d 666 (1969) ; *Commonwealth v. Trowery*, 211 Pa. Superior Ct. 171, 235 A. 2d 171 (1967).

Certainly it can be argued that a reference to a defendant's address as a correctional institution would be sufficient to enable a jury to conclude that the defendant had committed prior crimes. However, a close examination of the trial record in this case reveals that the defendant was not prejudiced by the remark. The

evidence against the defendant, including his confession to the commission of the crime, was very strong; the remark was made in passing and not referred to after the instruction by the court to the jury to disregard the remark; and further the defendant took the stand on his own behalf and evidence of prior crimes would have been admissible to impeach his credibility anyhow. *Commonwealth v. Butler,* 405 Pa. 36, 173 A. 2d 468 (1961).

In light of these factors, we do not believe that the defendant was prejudiced in any manner by the police officer's remark nor do we believe that the defendant's taking the stand was influenced by the remark.

Unlike the situation in *Commonwealth v. Allen,* supra, where the Commonwealth was permitted to elicit testimony over objection from five witnesses regarding identification from police photographs, the remark in this case made in passing by the witness and upon objection, the court promptly instructed the jury to disregard it. As the United States Supreme Court stated in *Bruton v. United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), (quoting other cases), "a defendant is entitled to a fair trial, but not a perfect trial."

We believe that the way that the court below handled this remark is well within the category of "harmless error" and that the law of the *Allen* case, supra, should not be extended beyond the salutory purposes of its significant facts.

Judgment of sentence affirmed.

---

CONCURRING OPINION BY CERCONE, J. :
I agree with the opinion of the court that no reversible error was committed by the trial court. I feel, however, that two additional factors should be mentioned.

First, the appellant does not contend that the trial court's requiring him to argue his post-trial motions has limited in any way the arguments he might make on this appeal. The record was transcribed sufficiently early so that he could prepare this appeal adequately, calling to our attention all potential errors which might affect the verdict and sentence of the court below. While this court has had occasion to condemn this practice of requiring premature argument on post-trial motions[1] even though the trial court might have correctly determined that no error of any substance has occurred, the appellant calls no precedent to our attention which suggests that a remand for proper argument on post-trial motions should be granted.[2]

Second, the defendant took the stand in the instant case, and in an effort to discredit his *confession,* testified that he confessed to the crime to help out a friend, and then stated: "So at the time I already gave my confession on six armed robberies and a couple of forgery charges. I already confessed to that. So I figured one more burglary wouldn't hurt me . . . . I went down there, I got nine to forty years just a month ago." In light of this testimony by the defendant, the officer's remark was clearly harmless error.

HOFFMAN and SPAETH, JJ., join in this opinion.

---

[1] See, e.g., *Commonwealth v. Harris,* 195 Pa. Superior Ct. 606, 171 A. 2d 850 (1961).

[2] It should be noted, however, that should a defendant refuse to comply with the trial court's order to hear post-trial motions immediately, the court's subsequent refusal to countenance such motions, timely filed under Pa. R. C. P. 1123, would constitute reversible error.