## Commonwealth *v.* Scheetz, Appellant.

Submitted November 16, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Michael M. Mamula,* for appellant.

*Robert F. Hawk,* Assistant District Attorney, and *John H. Brydon,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., March 31, 1975:

On April 18 and 19, 1974, the appellant, Larry Fred Scheetz, was tried before a judge and jury on charges of robbery and theft by unlawful taking or disposition. He was found guilty on both counts and after post-trial motions, filed the instant direct appeal in our Court. He claims that testimonial reference to his identification through "mug shots" was prejudicial and required a declaration of mistrial. We must agree.

The record shows that the first Commonwealth witness at trial was a police officer. The defense counsel requested an offer of proof as to his testimony. The District Attorney noted, *inter alia,* in his offer, that the police officer would testify as to identification of the Appellant by various victims and others. The defense attorney asked: "One thing about the identification, it wasn't made off mug shots or anything?" The District Attorney replied that he didn't know and defense counsel replied that such identification testimony would constitute error.

After the offer of proof, the police officer took the stand. As he was describing his investigation, the officer testified: "I called the barracks and I requested another officer to bring mug shots of the defendant along with others to show to [a witness] ..." Defense counsel immediately moved for a mistrial. The court denied the motion. The defense counsel thereafter again moved for mistrial as a result of the officer's statement and requested a sidebar conference. The court again denied the motion and sidebar request. Appellant again raised a claim of error in post-trial motions as a result of the "mug shot" testimony.

Almost three years ago, in *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972), the Pennsylvania

Supreme Court issued the following mandate relative to testimonial reference to identification of an accused from photographs in the hands of the police at trial before a jury: "Recognizing the prejudicial effect of such evidence, there is no justification for indirectly allowing the introduction of prior criminal activity by reference to photographs of the accused. Once it is determined that a jury could reasonably conclude from the photographic reference prior criminal activity on the part of the defendant prejudicial error has been committed. . . . It is also argued that the Commonwealth's need for this testimony to meet the burden of proof on the issue of identity outweighed any prejudice which may have resulted. We reject this contention. The rationale behind our holding, which recognized the highly prejudicial and unfair nature of such evidence, precludes the utilization of this balancing technique. The fact that a reasonable inference of a prior criminal record is present in the minds of the jurors in and of itself mandates a new trial." *Id.*, 448 Pa. at 182-183, 292 A.2d at 375-376.

Because of the reference to mug shots of the defendant in the hands of the police, we find this holding to be directly applicable to the instant appeal.

Reversed and remanded for a new trial.