419 A.2d 541

COMMONWEALTH of Pennsylvania

v.

**Robert W. WETZEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 13, 1979.

Filed March 21, 1980.

446

Earle D. Lees, Jr., Assistant Public Defender, Clearfield, for appellant.

Kim C. Kesner, Assistant District Attorney, Clearfield, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

The Appellant, Robert W. Wetzel, files this direct appeal from his conviction and sentencing, following a jury trial, on a charge of indecent assault. Appellant was represented at trial and on post–trial motions by a privately retained defense counsel. On this appeal, he is represented by the office of the Public Defender for Clearfield County. It is Appellant's contention on appeal that his counsel was not effective at trial or on post–trial motions. Our review of the record leads us to conclude that this claim has merit. We will reverse.

Prior to any discussion of the substance of Appellant's claim, it is appropriate to note that Appellant has followed correct procedure in initially raising his ineffective counsel argument on this direct appeal, as it is the first stage at which Appellant is represented by new counsel who could be expected to challenge the effectiveness of trial and post–trial counsel.[1] See *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). Further, it is worthy of mention that in the evaluation of claims of ineffective assistance by defense counsel, we are guided by the standard enunciated in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967):

1. Before a defendant on a direct appeal is entitled to relief upon a claim of ineffective assistance of counsel, it must appear that the

". . . counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests."

It is Appellant's specific claim on this appeal that his trial attorney was ineffective in failing to object to testimony by a witness for the Commonwealth referring to prior criminal activity by the Appellant. Further, it is argued that counsel was ineffective in failing to request instructions from the court to the jury to disregard such testimony. We believe that such contentions by Appellant are well founded.

The record in the instant case shows that the victim, a middle aged widow, testified she accepted a ride to work offered by the Appellant, whom she knew as a co–worker. During the course of the ride, the Appellant stopped the car, reached over and grabbed at the woman's breast. The indecent assault charge against Appellant was based on that incident. The victim testified that she had only accepted a ride with Appellant under the most compelling circumstances. She explained that she was caught out of doors during a rain storm on the night of the incident, waiting for her regular ride to work, then long overdue, when the Appellant offered to drive her to work in his car. She testified that she only knew the Appellant slightly at that time, but that she was afraid of him.

In an apparent attempt to test the credibility of this witness, Appellant's defense counsel questioned her first regarding why she was afraid of the Appellant. She explained that she had seen him drunk at work on several occasions. Counsel asked how long the victim had worked at the same work place as the Appellant. The record shows the

attorney's act or omission was arguably ineffective representation, likely to have been prejudicial to defendant. It is frequently necessary for the appellate court to remand such questions to the trial court for an evidentiary hearing, but such a remand is not necessary when it is clear from the record that the actions or failures to act by counsel were either clearly ineffective, or the claims of same are devoid of merit. See *Commonwealth v. Wade*, 480 Pa. 160, 389 A.2d 560 (1978); *Commonwealth v. Ramsey*, 259 Pa.Super. 240, 393 A.2d 806 (1978).

following colloquy between defense counsel and the victim concerning this matter:

QUESTION: Before this incident, a year and a half?

ANSWER: No. No, about eight months.

QUESTION: About eight months. And how long did you know that Mr. Wetzel had worked there prior to this incident?

ANSWER: Well, one reason why I was afraid, they had a lot of people from the Jail working down there and on work release.

QUESTION: All right. I asked how long Mr. Wetzel had worked there to your knowledge?

ANSWER: I really don't know.

Defense counsel continued with his interrogation of the victim, without any reference to the comment she had made concerning the jail or work release. He continued to inquire of the victim as to her reasons for fearing the Appellant, and the transcript shows the following:

ANSWER: Well, one, he used to stand and watch me like a man looks at woman like she doesn't have any clothes on.

QUESTION: I see. How often would he do that?

ANSWER: Well, every time he was waiting for a ride.

QUESTION: Every time he was waiting for a ride?

ANSWER: Yes. Because the people from the Jail used to come down there and somebody would pick him up. Somebody would pick them up and take them back to the Jail.

QUESTION: He came from the Jail?

ANSWER: Yes.

QUESTION: How did you know that?

ANSWER: Well, he was on work release.

QUESTION: How did you know that?

ANSWER: Well, everybody knowed it.

QUESTION: I see. But how did you know?

ANSWER: Well, I would be standing there at the register in the morning and the stationwagon or whoever

would pick them up, would pick all of them up. There was about five of them, and he was among them.

QUESTION: And this made you afraid of him?

ANSWER: Yes.

Counsel continued with other questioning of the victim but after approximately ten to fifteen more questions and answers, the following additional testimony appears:

QUESTION: Did you know before the mop incident that Mr. Wetzel was on work release from prison?

ANSWER: I must have knowed it.

QUESTION: Even though you didn't know the man?

ANSWER: No, I just–like I said, I saw that car coming down in the morning would pick, there was about five of them, up.

QUESTION: All right. Any other reasons–the standing and leering at you, being on work release, and being drunk three or four times a week, any other reasons you were afraid of–?

ANSWER: No. Mr. Wetzel's just a person I think he's dangerous.

Finally, after several more pages of transcript testimony by the witness, the following question and answer appeared:

QUESTION: You felt that in spite of the fact that he was on work release and he was drunk three or four times a week and he stood and looked at you as if to undress you and you thought he was dangerous, you took a ride with this guy?

ANSWER: Yes, that's how desperate I needed to work.

■ Defense counsel never asked that the testimony concerning Appellant's being on work release or a resident of a jail be stricken. He never asked for any cautionary instructions to the jury, nor ever entered a motion for mistrial. It is the Appellant's contention that defense counsel was ineffective in eliciting testimony concerning such matters from the witness and in failing to request cautionary instructions. We note that counsel did not enter a motion for the declaration of a mistrial, nor did he enter any objection to such testimony either at trial or in post–trial motions. We can-

not disagree with Appellant's position that he was denied effective counsel.

It has been said that evidence that the accused was guilty of prior criminal activity is probably only equalled by a confession in terms of prejudicial impact on a jury. *Commonwealth v. Spruill*, 480 Pa. 601, 391 A.2d 1048 (1978). Our Supreme Court has also noted that evidence of a separate crime is so prejudicial that it strips the defendant of the presumption of innocence. *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976). The mere reference to pictures of an accused which may suggest that he had prior contacts with criminal authorities has compelled reversal in several cases. See, for example, *Commonwealth v. Scheetz*, 233 Pa.Super. 474, 334 A.2d 707 (1975). In the instant case we must conclude that the several references to the Appellant's status as a prisoner on work release clearly imparted to the jury the highly prejudicial information that he had been convicted of other crimes.

The prohibition against the introduction of such evidence is normally asserted against the Commonwealth. See *Commonwealth v. Cooke*, 260 Pa.Super. 528, 394 A.2d 1271 (1978); *Commonwealth v. Isgriggs*, 227 Pa.Super. 597, 323 A.2d 392 (1974). However, even if the evidence of prior criminal activity by the accused is produced in response to questioning of a witness by defense counsel, prejudicial error requiring a new trial may be held to exist. See *Commonwealth v. Rivers*, 238 Pa.Super. 319, 357 A.2d 553 (1976).

In many cases, our appellate courts have found criminal defense counsel to be ineffective for failing to raise appropriate objections or claims of error in the face of arguably meritorious issues. See *Commonwealth v. Townsell*, 474 Pa. 563, 379 A.2d 98 (1977); *Commonwealth v. Long*, 258 Pa.Super. 312, 392 A.2d 810 (1978); *Commonwealth v. Valle*, 240 Pa.Super. 411, 362 A.2d 1021 (1976) (failure to object to improper remarks by the prosecuting attorney in his closing argument); *Commonwealth v. Humphrey*, 473 Pa. 533, 375 A.2d 717 (1977) (failure to object to references by witness and court to defendant's exercise of right to remain silent when arrested, causing waiver of the issue for purposes of

review). In the instant case, especially considering the strongly prejudicial nature of evidence of other criminal activity by the Appellant, we can perceive no strategic basis for counsel's failure to object to its introduction, to seek immediate or later cautionary instructions, or to move for an immediate declaration of mistrial. Moreover, we find no logical reason why counsel persisted in questioning the witness in such a way as to cause her to repeatedly refer to Appellant's alleged status as a prisoner on work release at the time of the alleged assault. In fact, counsel compounded the prejudice by repeating the information himself several times. While we require no reference to other holdings to convince us that a new trial is merited in the circumstances here present, we note a similar finding of ineffective trial counsel in *Commonwealth v. Lane*, 476 Pa. 258, 382 A.2d 460 (1978). In that non–jury case, defense counsel was found ineffective as a result of his conduct in disclosing to the trial judge, prior to the verdict, that his client has a criminal record. Certainly in the instant case, where the jury learned of such matters, the Appellant's conviction cannot stand, and a new trial is mandated. In view of this result, we need not address Appellant's remaining contention concerning the sufficiency of the evidence.

Judgment of sentence vacated, and case remanded for a new trial.