J-S26035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GINO ANTIDORMI | : | |
| | : | |
| Appellant | : | No. 640 EDA 2018 |

Appeal from the PCRA Order January 24, 2018
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000334-2011

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED JUNE 17, 2019**

Gino Antidormi (Antidormi) appeals *pro se* from the order of the Court of Common Pleas of Wayne County (PCRA court) dismissing in part and granting in part his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm the PCRA court's dismissal of Antidormi's ineffective assistance of counsel claims but remand for resentencing.

**I.**

This Court summarized the underlying facts of Antidormi's convictions on direct appeal:

> [Antidormi] was arrested following a July 21, 2011 incident on Mill Brook Road in Cherry Ridge Township, Wayne County, Pennsylvania. Early on that morning, Appellant and three other occupants of a PT Cruiser were driving in the area and shooting firearms out of the vehicle. In the course of these events, a bullet was fired into a residence located at 87 Mill Brook Road. Shortly

_____
* Retired Senior Judge assigned to the Superior Court.

thereafter, local residents blockaded the road with their own vehicles and forced the joyriders to abandon their vehicle and flee on foot. The Pennsylvania State Police were alerted that same morning. After investigating the abandoned vehicle and interviewing three individuals suspected of being involved in the incident—Cody Reck, William Christopher Harper, and Gary Stephen Burton II—the Pennsylvania State Police obtained an arrest warrant for [Antidormi] and the three interviewees that same day. The firearms used in the incident were recovered near the abandoned vehicle on or about July 23, 2011.

*Commonwealth v. Antidormi*, 84 A.3d 736, 743 (Pa. Super. 2014).

Antidormi was charged with, among other offenses, Persons Not to Possess Firearms. He proceeded to a jury trial on that offense and was found guilty. After the verdict, Antidormi pleaded guilty to Recklessly Endangering Another Person and Criminal Mischief and was later sentenced to an aggregate six to thirteen years' imprisonment. This Court affirmed the judgment of sentence and our Supreme Court denied allowance of appeal.

Antidormi filed a timely *pro se* PCRA petition.[1] Counsel was appointed and filed an amended petition that raised ineffectiveness of counsel claims

---

[1] The Commonwealth argues that Antidormi's *pro se* PCRA petition was untimely. Our Supreme Court denied allowance of appeal on July 7, 2014. Antidormi's judgment of sentence became final on October 6, 2014, which was the expiration of his 90 days to seek discretionary review in the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3). Antidormi had a year to file his PCRA petition within the date of his judgment becoming final. *See* 42 Pa.C.S. § 9545(b)(1). Antidormi filed his PCRA petition on October 5, 2015, making the petition timely.

and a challenge to Antidormi's sentence for his firearms conviction.[2]  After an evidentiary hearing, the PCRA court denied the ineffectiveness claims but granted relief on the sentencing claim.

Before the PCRA court resentenced Antidormi, he filed a *pro se* notice of appeal.[3]  When he returned for resentencing, the court declined to do so because of his appeal.  Antidormi later requested to proceed *pro se* on appeal which the PCRA court granted after holding a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).  He now raises four issues for our review, three of which challenge the denial of his ineffectiveness claims while the other requests that we remand for resentencing.[4]

---

[2] Antidormi's sentencing claim was based on our Supreme Court's decision in **Commonwealth v. Hale**, 128 A.3d 781 (Pa. 2015) (juvenile adjudications cannot be considered convictions for purposes of elevating firearms possession to a felony).  Because the grading of his firearms offense was based in part on a felony juvenile adjudication, Antidormi argued that his firearms conviction was illegally graded.

[3] Although still represented by counsel at the time, Antidormi's *pro se* notice of appeal was docketed.  **See Commonwealth v. Williams**, 151 A.3d 621, 623-24 (Pa. Super. 2016) (Superior Court must docket *pro se* notice of appeal despite defendant being represented by counsel).  The Commonwealth argues that this is an interlocutory appeal over which we lack jurisdiction because Antidormi has not yet been resentenced.  However, this Court has stated that a "PCRA court's order granting relief with regard to sentencing and denying all other claims is a final appealable order" even if resentencing has not yet occurred.  **Commonwealth v. Grove**, 170 A.3d 1127, 1138 (Pa. Super. 2017).

[4] "Our standard of review for issues arising from the denial of PCRA relief is well-settled.  We must determine whether the PCRA court's ruling is supported

## II.

Antidormi's first three claims allege ineffective assistance of counsel.

Our standard of review for such allegations is well-settled:

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

*Commonwealth v. Smith*, 181 A.3d 1168, 1174-75 (Pa. Super. 2018)

(citation omitted). As to the prejudice prong, this Court has explained:

> it must be demonstrated that, absent counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. If it has not been demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone, and the court need not first decide whether the first and second prongs have been met.

*Commonwealth v. Perez*, 103 A.3d 344, 348 (Pa. Super. 2014) (internal citations omitted).

---

by the record and free of legal error." *Commonwealth v. Bush*, 197 A.3d 285, 286-87 (Pa. Super. 2018) (citation omitted).

**A.**

In his first claim, Antidormi argues that counsel was ineffective for failing to have his firearms charge dismissed before trial because the Commonwealth did not establish a *prima facie* case for that offense at the preliminary hearing. Ineffective assistance of counsel claims concerning a preliminary hearing are cognizable under the PCRA. *See Commonwealth v. Stultz*, 114 A.3d 865, 882 (Pa. Super. 2015). However, such claims must still "[demonstrate] that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). Because he was convicted of the firearms offense, Antidormi cannot establish prejudice. By definition, a *prima facie* case existed. "[O]nce a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial." *Commonwealth v. Sanchez*, 82 A.3d 943, 984 (Pa. 2013). Further, we found sufficient evidence on direct appeal to support Antidormi's conviction for the offense. *See Antidormi*, 84 A.3d at 756-57 (finding Commonwealth presented sufficient evidence at trial to convict for Persons Not to Possess Firearms). The claim thus fails.

**B.**

Next, Antidormi asserts that his trial counsel was ineffective for eliciting otherwise inadmissible prior bad acts evidence during the cross-examination

of a Commonwealth witness. To address this claim, we briefly review the background of Antidormi's trial.

Antidormi was originally represented by the Public Defender's Office and entered a guilty plea but later withdrew his plea and requested a jury trial. Due to a conflict with his public defender, the trial court appointed new counsel and set dates for jury selection and trial. After picking a jury with his court-appointed counsel, Antidormi retained private counsel three days before trial was set to begin. On the morning of trial, Antidormi's new counsel entered his appearance and requested a continuance but the trial court denied it. As a result, Antidormi proceeded to trial with his new trial counsel.

At trial, the Commonwealth called several Pennsylvania State Police troopers to testify as chain of custody witnesses. Antidormi's counsel asked all of these troopers whether any of them had ever seen Antidormi possess a firearm. All of them testified that they had not except for Trooper John Strelish. During his cross-examination, the following exchange took place:

> Q: Have you ever seen [Antidormi], say, in the past year and a half in possession of a firearm?
>
> A: I don't recall the last time I saw him in possession of a firearm, if it was a year and a half.
>
> Q: Well, obviously, if you saw him in possession of a firearm…
>
> A: I did see him in possession of a firearm in the past.
>
> Q: Did you ever see… did you arrest him?
>
> A: Yes, I arrested him.

Q:     That's not why we are here today, right?

A:     No.

Q:     But, since that time have you ever seen him in possession of a firearm?

A:     No.

*See* N.T., 7/16/12, AM Session—Part 2, at 26-27.

At the PCRA evidentiary hearing, Antidormi's counsel testified that he accepted the case under the assumption that the trial court would continue the trial. Because the trial court did not, counsel admitted that he made errors at trial due to lack of preparation, including asking Trooper Strelish about previously arresting Antidormi. *See* N.T., 8/29/17, at 29-30.

Antidormi advances two different theories for counsel's ineffectiveness. Antidormi first claims that counsel was ineffective for failing to move for mistrial or, in the alternative, request a curative instruction when Trooper Strelish testified about the previous arrest. Antidormi also contends his counsel was ineffective for eliciting that he was previously arrested on a firearms charge. We find neither theory availing and address them in turn.

First, "[i]n general, a party may not object to improper testimony which he himself elicits." *Commonwealth v. Yarris*, 549 A.2d 513, 525 (Pa. 1988); *Commonwealth v. Puksar*, 740 A.2d 219, 227 (Pa. 1999). When defense counsel elicits the improper testimony, a trial court's denial of mistrial will be found to be proper. *See Commonwealth v. Manley*, 985 A.2d 256, 270-71 (Pa. Super. 2009). Antidormi's counsel elicited the otherwise inadmissible

testimony about him previously possessing a firearm and then specifically asked whether it resulted in an arrest. Any motion for mistrial or, in the alternative, a curative instruction would have been improper. Accordingly, this theory of ineffectiveness lacks arguable merit.

Further, we do not find that there is a reasonable probability that the outcome of the proceeding would have been different if Antidormi's counsel had not elicited the testimony about his prior arrest. Once Trooper Strelish indicated that Antidormi had been previously arrested for a firearms offense, counsel quickly withdrew from the exchange and did not dwell on the prior arrest. Moreover, although counsel opened the door to his prior arrest, the Commonwealth did not exploit it by asking Trooper Strelish about it on redirect. The Commonwealth also did not comment on the prior arrest in its closing argument even though Antidormi's counsel's closing highlighted the testimony of the troopers who had never seen Antidormi possess a firearm.

Antidormi nonetheless argues that this lone remark was prejudicial because it suggested that he had previously been arrested for the same offense. For support, he cites **Commonwealth v. Ford**, 607 A.2d 764 (Pa. Super. 1992), which involved a defendant charged with arson who moved for mistrial when a witness revealed that the defendant had previously been charged with arson. This Court held that the trial court should have declared a mistrial. **See id**. at 767. But Antidormi fails to acknowledge that the prejudice standard for reviewing a denial of mistrial differs from that for

ineffectiveness of counsel. For mistrial, the prejudice inquiry focuses on whether the defendant was deprived of a fair and impartial trial and whether the Commonwealth intentionally elicited the remark. In contrast, prejudice for ineffectiveness of counsel focuses on whether there is a reasonable probability that the outcome of the proceeding would have been different absent counsel's acts or omissions. As a result, **Ford** is of little support to Antidormi's claim of ineffectiveness.

Further, Antidormi does not cite any case law under the PCRA involving the circumstances involved in this case. The closest that he comes to doing so is **Commonwealth v. Wetzel**, 419 A.2d 541 (Pa. 1980). There, our Supreme Court found defense counsel ineffective for eliciting from the victim that the defendant was on work release from jail when he committed the offense. However, **Wetzel** was decided before the United States Supreme Court's decision in **Strickland v. Washington**, 466 U.S. 668 (1984), which established the prejudice standard for ineffectiveness claims, as well as our Supreme Court's decision in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987), which adopted the **Strickland** standard. Under the applicable ineffectiveness standard at the time **Wetzel** was decided, a petitioner needed to show only that counsel's performance was "likely to have been prejudicial." **Wetzel**, 419 A.2d at 542 n.1. Moreover, in contrast to Antidormi's counsel, the defense attorney in **Wetzel** persisted in his

questioning about the defendant's incarceration, attempting to incorporate it into his attack on the witness's credibility.

**C.**

In his third and final ineffectiveness claim, Antidormi argues that counsel was ineffective for failing to challenge the Commonwealth's pretrial notice of intent to admit evidence under Pa.R.E. 404(b) through the testimony of Roseann Caridad. She testified at trial that she saw Antidormi in possession of guns shortly before this incident. He argues that trial counsel was ineffective for failing to (1) impeach Caridad with her prior *crimen falsi* conviction and (2) request that the jury be given a *crimen falsi* instruction. This claim is unreviewable.

"Any claim not raised in the PCRA petition is waived and not cognizable on appeal." **Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007); Pa.R.A.P. 302 ("[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Antidormi's May 9, 2017 amended PCRA petition raised five ineffectiveness of counsel claims, none of which alleged prior counsel was ineffective regarding this matter. Further, at the evidentiary hearing, Antidormi did not develop any testimony from his previous attorneys about Roseann Caridad. And finally, Antidormi's brief in

support of the amended petition provided no argument as to Roseann Caridad.[5]  As a result, the claim is waived.

### III.

In his last issue, Antidormi requests that this Court remand to the PCRA court for resentencing.  The PCRA court granted that relief but did not resentence Antidormi due to him filing a notice of appeal.  Under these circumstances, we agree that a remand is warranted.

Order affirmed.  Remanded for resentencing.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/17/19

---

[5] Antidormi, recognizing that this claim was not developed below, applied for a remand before his brief was due.  We denied the application without prejudice.  Antidormi's brief argues the merits of his claim as if preserved. Because PCRA counsel did not present this issue in the amended petition, this third issue is, in substance, an allegation of PCRA counsel ineffectiveness, *i.e.*, PCRA counsel ineffectively failed to pursue this claim in the amended petition. It is well-settled that claims of PCRA counsel ineffectiveness cannot be raised for the first time on appeal. ***See Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*).