J-S06016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JESSICA LYNN PRUITT | : | |
| | : | |
| Appellant | : | No. 1336 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 24, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000021-2022

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 20, 2024**

Jessica Lynn Pruitt appeals from the judgment of sentence entered following her convictions for theft by deception – false impression, theft by unlawful taking, receiving stolen property, access device fraud, forgery, and unauthorized use of automobile.[1] Pruitt challenges the admission of evidence. We affirm.

The trial court aptly summarized the facts of this case as follows:

> Christian Seebode, an employee of Hertz Corporation, testified that on November 11, 2019, a woman identifying herself as Tiffany Smith rented a 2019 Dodge Grand Caravan automobile from Hertz. He identified the rental contract which showed that the vehicle was rented from Hertz in Bartonsville, Pennsylvania. Commonwealth Exhibit 1. The rental contract required the vehicle to be returned the next day. Hertz obtained a driver's license and a credit

---

[1] 18 Pa.C.S.A. §§ 3922(a)(1), 3921(a), 3925(a), 4106(a)(1), 4101(a)(2), and 3928(a), respectively.

card from Tiffany Smith, but no copy was made of the driver's license, because it was Hertz policy not to photocopy drivers' licenses. They examined it under a black light to determine authenticity and obtained the residence and email addresses of the driver. Mr. Seebode went outside with Tiffany Smith to the vehicle, where he took pictures of the van to record its condition at [the] time of rental. It so happened that Ms. Smith was standing next to the vehicle looking at her cellphone when he took one of the pictures, so she was included in the picture.

Tiffany Smith did not return the vehicle and Hertz received no payment for its use from the issuer of her credit card. Hertz was unable to recover the vehicle. Mr. Seebode was not asked to identify Jessica Pruitt as the person who rented the vehicle.

Detective Michael Scicutella of the Pocono Township Police Department responded to the Hertz office on December 17, 2019, following a report of the theft of the 2019 Dodge Grand Caravan vehicle rented by Tiffany Smith. He attempted to find Tiffany Smith at the address she gave to Hertz and determined it was a fraudulent address. He investigated the theft of the vehicle using its vehicle identification number and was unable to locate its whereabouts.

Corporal Austin Anglemyer took over the investigation and placed the Tiffany Smith photograph and information about the case in the Pennsylvania Criminal Intelligence Center (Pa. CIC). Corporal Anglemyer described the Pa. CIC:

> … When it goes on to that, it's basically almost like a newspaper, *per se*, for other law enforcement agencies in an attempt to identify really anything. You can put anything on there. So I did receive information back from Detective Paul Ramsden of Bethlehem City Police Department.

> Testimony of Corporal Anglemyer, NT 93.

Detective Ramsden suggested that the woman in the photograph taken by Christian Seebode was Jessica Pruitt.

Corporal Anglemyer then investigated Jessica Pruitt and obtained a photograph of her. He did not explain how he obtained the photograph, but said it was taken on February 24, 2020. That photograph was admitted as Commonwealth Exhibit 8.

Corporal Anglemyer continued with his investigation. He found that the New Jersey address which Tiffany Smith had given to Hertz was false, and that it included a zip code of 18324, which is the address for the Bushkill, Pennsylvania post office in Pike County, near the eastern border of Monroe County. He also learned that the email address given to Hertz by Tiffany Smith was tiff1027smith@gmail.com. He learned that Jessica Pruitt's birthday was October 27. **Id.**, NT 101. The Commonwealth also introduced Commonwealth Exhibit 9, which was a photograph taken of Ms. Pruitt at the time of her arrest on these charges. Finally, the Commonwealth called Detective Paul Ramsden of the Bethlehem City Police who testified that when he obtained Corporal Anglemyer's query on the Pa. CIC and observed the Tiffany Smith photograph at the time of the rental, he identified Tiffany Smith as Jessica Pruitt and notified Corporal Anglemyer.

Rule 1925(a) Opinion, filed 7/13/23, at 1-3 (footnote omitted).

The court sentenced Pruitt to an aggregate term of five to ten years of incarceration followed by two years of reporting probation. **See** Order – Sentencing, filed 4/27/23. Pruitt filed a motion for reconsideration. The court did not rule on the motion. This timely appeal followed.[2]

---

[2] Pruitt filed a Motion for Withdrawal of Counsel on April 9, 2024. We deny this motion as untimely since Pruitt filed it nearly six months *after* counsel filed an appellate brief with this Court. **See Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) ("when an appellant requests *pro se* status after his counsel has filed an appellate brief, the request is untimely"); **Commonwealth v. Jackson**, No. 345 WDA 2022, 2023 WL 2441751, at *2 (Pa.Super. filed March 10, 2023) (unpublished memo.) (denying appellant's request to proceed *pro se* because defendant made the request two months after his attorney filed an appellate brief).

Pruitt raises a single issue: "Did the [c]ourt abuse its discretion and commit reversible error in denying [Pruitt's] objection to the admission of a prejudicial photograph and testimonial evidence in reference to a 'mugshot' from a prior arrest of [Pruitt]?" Pruitt's Br. at 4 (suggested answer omitted).

Pruitt challenges the admission of the photo of her that Corporal Anglemyer testified he "obtained," without stating that it was a "mugshot" from a prior arrest, and his related testimony. Pruitt argues that if a photograph "can be reasonably identified as a mug shot" and it is accompanied by "testimony that the photograph was in the possession of the police," admitting the photo is prejudicial error. *Id.* at 7, 8 (citing *Commonwealth v. Scheetz*, 334 A.2d 707 (Pa.Super. 1975)). Applying this theory to the facts of her case, Pruitt claims that the trial court abused its discretion here because the photo could be "easily identified as a 'mugshot' from the February 2020 arrest of Ms. Pruitt." *Id.* at 8. She points out that Corporal Anglemyer testified that he retrieved the photograph from a police database, PaCIC. She thus asks us to grant her a new trial.

We review the admission of evidence for an abuse of discretion. *Commonwealth v. Saez*, 225 A.3d 169, 177 (Pa.Super. 2019). "A determination that a trial court abused its discretion in making an evidentiary ruling 'may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of

support so as to be clearly erroneous.'" ***Id.*** at 178 (quoting ***Commonwealth v. Hoover***, 107 A.3d 723, 729 (Pa. 2014)).

When there is an objection that testimony about a photograph of the defendant impermissibly suggested that the defendant had a history of criminal conduct, we consider "whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity." ***Commonwealth v. Allen***, 292 A.2d 373, 375 (Pa. 1972). References to photographs of a defendant "that expressly or by reasonable implication also indicate some involvement in prior criminal activity . . . rise to the level of prejudicial error." ***Commonwealth v. Young***, 849 A.2d 1152, 1156 (Pa. 2004). However, "[a] mere passing reference to photographs from which a reasonable inference of prior criminal activity cannot properly be drawn does not invalidate the proceedings since there has been no prejudice as a result of the reference[.]" ***Allen***, 292 A.2d at 375.

Here, the photograph at issue is Commonwealth's Exhibit 8. Testimony regarding this exhibit is as follows:

> Q [Commonwealth]: Corporal Anglemyer, I know Detective Ramsden – he's my next witness – he's going to testify obviously the things he told you. Without talking about what he told you –
>
> A: Yep.
>
> Q: -- were you able then to identify that individual as someone called Jessica Pruitt?
>
> A: Yes, I was.

Q: And that's based on what Paul Ramsden conveyed to you?

A: So he provided me the identification, and then I then followed up on that.

Q: Right. And once you had the name Jessica Pruitt, were you able to obtain any photographs of her?

A: I was.

Q: Did you obtain a photograph that was taken on February 24th of 2020?

A: I did.

Q: And this crime occurred on November 11th of 2019; correct?

A: That's correct.

(Commonwealth's Exhibit No. 8 was marked for identification.)

[Commonwealth]: Your Honor, I have a photograph I've marked as Commonwealth's 8 for identification purposes. May I approach the witness?

The Court: Yes.

Q: Do you recognize this photograph?

A: I do.

Q: Is that a photograph you obtained?

A: It was.

[Commonwealth]: Your Honor, I believe counsel has stipulated on the authenticity of this photograph. I would move to admit it into evidence.

The Court: That's Commonwealth's No. 8?

[The Commonwealth]: Eight.

The Court: We've already discussed this, Mr. Labar.

[Defense Counsel]: Same objection, yes, sir.

The Court: Eight is received.

(Commonwealth's Exhibit No. 8 was admitted into evidence.)

[The Commonwealth]: And, Your Honor, may I publish 8 to the jury?

The Court: Yes.

(Commonwealth's Exhibit No. 8 was published to the jury.)

Q: Corporal Anglemyer, this is a photograph that you obtained of someone named Jessica Pruitt?

A: That is correct.

Q: And that was taken on February 12th of 2020?

A: I believe that was the date, yeah.

Q: And that's about, I guess, four months after this photograph was taken?

A: About three months after.

Q: Three months. And what's your understanding of who this individual had identified themselves as?

A: It was my understanding through the investigation that she had identified herself as Tiffany Smith.

Q: Now, when you put this photograph of the person that said she was Tiffany Smith – when you uploaded this to PaCIC, what was the name that you were provided for this individual?

A: Jessica Pruitt was the name that I was provided back.

Q: And then I'll show you Commonwealth's Exhibit 8. That's this photograph right here. And your understanding is this was taken when?

A: I believe it was February 12th –

Q: And this photograph –

A: – of 2020.

- 7 -

Q: – that's the individual at Defense table; correct?

A: That is correct.

Q: And what is this individual's name?

A: Jessica Pruitt.

N.T., Trial, March 8, 2023, at 93-96.

Immediately before Corporal Anglemyer's testimony, the court discussed the contents of the photograph with the parties outside the presence of the jury. During this conversation, the parties and the court referenced the photograph as a "mugshot." **See id.** at 82, 83. Counsel objected to "the prejudicial effect that it would have if it's admitted." **Id.** at 83. The court noted that the photo did not bear "any mug shot numbers" and admitted it. **Id.** at 85, 90. In its Rule 1925(a) opinion, the court states that "[t]he picture of [Pruitt] is not obviously a mug shot; it could have been a license picture or a picture taken at a place of employment[.]" Rule 1925(a) Op. at 4.

We discern no abuse of discretion. Pruitt fails to show that the admission and reference to the photograph "expressly or by reasonable implication . . . indicate[d] some involvement in prior criminal activity" on her part. **Young**, 849 A.2d at 1156. During his testimony, Corporal Anglemyer did not explain how he obtained the photograph and did not refer to the photograph as a mugshot. The record shows that the photograph was not referenced as a mugshot at any point in the presence of the jury. While Pruitt claims that the photograph was "easily identifiable" as a mugshot, she does not explain why that is so. To the contrary, defense counsel and the court agreed that the

photograph did not "have any mug shot numbers," and the trial court opined that it was not obviously a mug shot and could have come from any number of sources. N.T., Trial, at 85;[3] Rule 1925(a) Op. at 4. Even considering Corporal Anglemyer's reference to the PaCIC database, it is mere speculation to believe that a jury could reasonably conclude that the database was related to an individual's criminal activity considering his explanation of the database. **See** N.T., Trial, at 93 (Corporal Anglemyer explaining that PaCIC is "basically almost like a newspaper, *per se*, for other law enforcement agencies in an attempt to identify really anything"). Pruitt's claim is meritless. We therefore affirm.

Judgment of sentence affirmed. Request for oral hearing contained in *pro se* letter docketed March 12, 24, "Motion for Withdrawal of Counsel" docketed April 8, 2024, and "Motion for Appointment of Counsel" docketed April 8, 2024 denied.[4]

_____

[3] Counsel agreed with the court's characterization. **See** N.T., Trial, at 85.

[4] We deny Pruitt's *pro se* request for an oral hearing and her Motion for Appointment of Counsel as legal nullities since she is represented by counsel. **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa.Super. 2016) (stating this Court "will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities"). Nonetheless, in response to Pruitt's *pro se* filing docketed on March 12, 2024, we remanded for the trial court to determine if there were irreconcilable differences between Pruitt and counsel such that the court should appoint new counsel. The trial court determined that there were no such irreconcilable differences and that counsel was "actively representing" Pruitt and would continue to do so. Order – Motion, filed 6/21/24, at 1 (unpaginated). However, the court did direct counsel to obtain a copy of Pruitt's trial transcript and send it to her. **See id.** at 1-2 (unpaginated).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/20/2024